Jennie Wilson v. The Pennsylvania Railroad Company and The New York Central & Hudson River Railroad Company, Lessee of the Beech Creek Railroad Company, Appellants.

*Negligence—Evidence—Province of court and jury.*

Negligence is the absence of care according to the circumstances, and is always a question for the jury when there is a reasonable doubt as to the facts or as to the inferences to be drawn from them. When the facts are either admitted or established by undisputed evidence, it is the duty of the court to declare the law applicable to them; but when material facts are disputed, or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are.

*Negligence—Railroads—Contributory negligence—Master and servant—Riding in dangerous place—Province of court and jury.*

In an action to recover damages for the death of plaintiff's husband, a brakeman, employed by the defendant railroad company, the case is for the jury where the evidence for the plaintiff tends to show that the deceased was killed by the derailing of a train which was running on a defective roadbed, and the evidence for the defendant shows that before the accident the deceased was not in his proper place, but was sitting on a brake wheel, a place of danger; but it is not clear that at the time of the accident he was sitting in this dangerous position.

Argued April 24, 1896. Appeal, No. 283, Jan. T., 1896, by defendants, from judgment of C. P. Clearfield Co., Sept. T., 1894, No. 641, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before BARKER, P. J., of the forty-seventh district specially presiding.

At the trial it appeared that plaintiff's husband, John Wilson, was killed on one of defendant's freight trains, July 24, 1894, near Welshdale.

The court reserved the following question:

Whether the alleged fact that the deceased was sitting on the wheel of the brake on the rear of the car next the caboose (thus rendering him guilty of contributory negligence) was established as an undoubted fact by testimony of such character as makes it our duty to withdraw the case from the jury.

Verdict for plaintiff for $3,600 subject to the question re-

ᵣerved. The court subsequently entered judgment on the verdict, in the following opinion:

On the trial of this case the plaintiff based her right to recover on the allegation that the derailing of the train whereby her husband lost his life was caused by a defective roadbed, defective ties, and a broken rail; the defendants denied this, and the question was submitted to the jury and determined in favor of the plaintiff.

The train on which the deceased was employed consisted of an engine, a box car, a car loaded with bark, three stone cars and a caboose, in the order mentioned. Wilson's place when not employed in the performance of his duty as flagman and rear brakeman was in the caboose. He was not there at the time of the derailing of the train, but was either on the rear end of the last stone car or on the front end of the caboose. Defendants claimed on the trial that he was sitting on the brake wheel on the rear end of the last stone car, and we sustained their contention that if this fact was established he had unnecessarily exposed himself to a place of danger, thereby contributing to the cause of his death and preventing a recovery in this case, but we submitted to the jury the question of fact as to whether he was in the position claimed by defendants, and whether, if they found he was not, he was outside the caboose in the performance of any duty. At the same time, in order that we might with more opportunity for deliberation consider whether the evidence had come up to the degree of proof necessary to require us to give binding instructions in favor of the defendants, we reserved that question in the following language: "We reserve the question as to whether the alleged fact that the deceased was sitting on the wheel of the brake on the rear of the car next the caboose (thus rendering him guilty of con tributory negligence) was established as an undoubted fact by testimony of such character as makes it our duty to withdraw the case from the jury."

We were of the opinion at the time we submitted the case to the jury, as suggested in our charge, that the existence of the only fact relied upon to establish contributory negligence had not been established by such evidence as warranted us in with drawing the question from the jury, but out of an abundance of caution we reserved this question for further consideration; and

after opportunity for deliberation, and full argument on both sides, we still think it was proper to submit that question to the jury.

It is true, one witness testified that five or six minutes before the wreck occurred he saw the deceased at a point further up the road sitting on the brake wheel, and another witness testified that he saw him there at the time the cars went over; but if the testimony of the first witness stood alone it would not be sufficient to establish it as a fact that he was on the wheel at the time the cars went over, the burden being on the defendants to prove that he remained there until that time, and the presumption of the exercise of care on his part being in his favor, and aside from that [the credibility of the witness who testified that he saw him there five minutes before was somewhat shaken by the conversation he had with decedent's wife when he accompanied the remains to her residence on the evening after the wreck. On cross-examination of Mr. Carr, the witness just referred to, the following occurred:

" Q. Didn't you say to Mrs. Wilson on the night that you brought his body down that John had gone out to put on the brake, and that you had called to him, 'Here, John, is your brake stick,' and handed it to him? A. No, sir. Q. You didn't say that? A. No, sir; let me explain myself; I told her the last I saw him was when we were passing the stone quarry coming into Garway, and he was going out to help hold the train there, and I asked him if he wanted his club. Q. Then that wasn't true, that was not the last time you saw him? A. This was before we come to Westover. Q. Then it wasn't the last time that you saw him? A. The last time I saw him after we left Westover, this is south of Westover. Q. That is where you had the conversation you say about the brake stick? A. Yes. Q. That wasn't the last time you saw him—you saw him at Westover which was north of that? A. You asked me where I saw him last, and I said sitting on the brake wheel. Q. I asked you the next question whether on the night you brought his body down you didn't say to Mrs. Wilson, his wife, that the last time you had seen him before the accident that he had gone out to the brake and you had called him back to give him the brake stick? A. The last I spoke to him, that is the last I spoke to him. Q. Didn't she ask you what were the last

words he had said?    A. I don't know that she did; she might have.    Q. And whether he had said anything about her or asked about her?    A. She probably might have asked me that question; yes."

It will be observed that in the witness's answer to the second question of Judge Krebs, quoted above, he said that he told Mrs. Wilson that the last time he saw Wilson was some miles above Westover, whereas his subsequent explanation was that he meant to say that that was the last time he spoke to him, and the testimony of Mrs. Wilson is not inconsistent with this explanation, yet some slight doubt is thrown on his testimony thereby.] [13]

[The other witness, Bloom, who was on the engine, testified as follows:

"Q. Where were you riding at the time of the wreck? A. On the engine.    Q. What notice did you have on the engine that something was wrong?    A. A sudden jerk.    Q. What did you do then?    A. I looked out of the window and looked back along the train.    Q. What could you see?    A. I saw the cars going into the ditch.    Q. Describe what you saw as nearly as you can?    A. Well, as I looked out of the window I saw the cars leading into the ditch.    Q. Running kind of 'quartered?' A. Yes.    Q. Which one toppled over into the ditch first? A. The bark car.    Q. What next?    A. The stone cars.    Q. Did you see Wilson?    A. Yes.    Where was he?    A. He was sitting on the brake wheel of the rear car.    Q. Was this all in one look—just in one look?    A. Yes.

CROSS-EXAMINATION.

"Q. You felt this jerk, and how quickly did you turn and look out of the window?    A. Just as quickly as I felt the jerk. Q. It was all the work of an instant, wasn't it?    A. Yes. Q. And the cars were going out over on the track then? A. Yes."

No witness contradicted Bloom as to his statement above quoted by testifying that Wilson was not on the brake wheel and, therefore, in one sense he stands uncontradicted, but, having before us by the testimony of other witnesses, the curvature of the road at that point, the distance the train ran on the track and ties after the car was derailed, as evidenced by the

marks thereon, the length of the cars, the height of the box car and bark car, the fact that they were between the engine and the stone cars in the train, the fact that this all occurred " in an instant " and " in a look " as the cars were going over and as Bloom turned to look back, it seems to us that the allegation of Bloom was so far controverted by all the other circumstances in the case, as to throw a sufficient doubt on the correctness of his testimony and his ability to see Wilson under the circumstances referred to above, to make it our duty to submit the question to the jury.   All these matters seem to us to furnish a substantial basis for a difference of opinion as to the existence of the one fact relied upon by the defendants and to furnish reasonable grounds of dispute in regard to it, and the testimony taken as a whole, having failed to satisfy us as an established fact in the case that Wilson was sitting on the brake wheel at the time of the wreck, we cannot see how we could say to the jury that that fact had been established by such a degree of proof that it required us to withdraw the case from their consideration.] [14] It is unnecessary for the purposes of this case to cite or review the many authorities, or quote from the text-books as to when it becomes the duty of the court to determine, as a question of law, that there can be no recovery in an action for personal injuries because the injured person has contributed to the cause of the injury.   We select, however, a few citations or expressions from the Supreme Court of this state which seem to fully warrant us under the facts of this particular case in submitting the question of fact involved to the jury.   In Pennsylvania Railroad Co. v. White, 88 Pa. 333, Justice STERRETT, delivering the opinion, says : " Negligence has been defined to be the absence of care according to the circumstances, and is always a question for the jury when there is reasonable doubt as to the facts, or as to the inferences to be drawn from them." In Pennsylvania Railroad Co. v. Werner, 89 Pa. 64, Justice STERRETT, delivering the opinion, says : " When the facts are admitted, or so clearly and conclusively proved as to admit of no reasonable doubt, it is the duty of the court to declare the law applicable to them ; but, when material facts are disputed, or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are. The line of demarcation in this respect between the duty of the

court and that of the jury should be carefully guarded. While, on the one hand, the court should not permit the jury to disregard or evade its instructions as to matters of law, it should be equally careful not to invade the province of the jury and take upon itself the determination of facts about which there is any dispute." In McNeal v. Railroad Co., 131 Pa. 188, Justice MITCHELL, delivering the opinion, says : "Carroll v. Railroad Co., 12 W. N. C. 348, and the decisions which have followed it, are sound in principle, and experience has confirmed the wisdom of the rule there adopted. It will not be relaxed nor pared down by exceptions. But it is a rule which, in its nature, is applicable only to clear cases. If, on the evidence, there is any doubt of the plaintiff's negligence, the case must go to the jury." In McGill v. Railway, 152 Pa. 334, Justice STERRETT, delivering the opinion, says : "When the facts are either admitted, or established by undisputed evidence, it is, of course, the duty of the court to declare the law applicable to them." In Vannatta v. Central R. R., 154 Pa. 273, Justice THOMPSON, delivering the opinion, says : "Where there is a reasonable doubt as to the facts or the inferences from them, the question of negligence is a question for the jury." In Smith v. Baltimore & Ohio Railroad Company, 158 Pa. 87, Justice STERRETT quotes as follows : "Negligence is always a question for the jury where there are any doubts as to the facts, or as to the inferences to be drawn from them," and cites Pennsylvania Railroad Co. v. Barnett, 59 Pa. 264; McGill v. Pennsylvania R. R. Co., supra; Whitman v. Pennsylvania R. R., 156 Pa. 175. In Ely v. Railway, 158 Pa. 236, Justice MITCHELL, delivering the opinion, says : "All that this court can do is to lay down the general rules, and to see that where the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law, but where the facts are in dispute, or the inferences from them open to debate, they must go to the jury." In these cases it is settled that the question of negligence must go to the jury unless the facts are " so clearly and conclusively proved as to admit of no reasonable doubt " or " established by undisputed evidence " or "where the facts are uncontested;" where there are any doubts as to the facts (Smith v. Railroad Co., supra) " or there is any doubt of the plaintiff's negligence " (McNeal v. Railway Co..

supra) or "where there is a reasonable doubt as to the facts" (Vannatta v. R. R. Co., supra) the question of negligence must go to the jury.

We also quote from Field on Damages, sec. 519: "To justify a nonsuit on the ground of contributory negligence, the evidence against the plaintiff should be so clear as to leave no room for doubt, and all material facts must be conceded, or established beyond controversy." The same principle would apply to the duty of the court as to giving binding instructions for the defendant on account of the contributory negligence of plaintiff.

[We have endeavored to make plain, without going into the details, the matters in evidence that seemed to us to throw discredit on the testimony of Carr and Bloom; the witnesses were before us, we saw their manner of testifying, we had the aid of photographs and drafts illustrating every feature of the scene of the accident, but we did not take into consideration the fact that the only testimony on this important point came from two employees of the defendants (which Chief Justice PAXSON in the case of Frick v. Mercer County, 138 Pa. 523, said "was proper matter to call the attention of the jury to as affecting the credibility of witnesses"). We found enough in all of the circumstances of the case to give rise to a very substantial doubt in our mind as the sufficiency of the testimony offered to locate Wilson, as an undoubted fact, on the brake wheel, and our mind being in doubt, it was not only our clear right, but our duty, to have the jury dispose of the question and judge as to the credibility of the witnesses.] [15]

[And now, February 21, 1896, it is ordered and directed that judgment be entered for plaintiff on the reserved point.] [16]

*Errors assigned,* among others, were (12) refusal to give binding instruction for defendant; (13–15) abstracts from opinion as above, quoting them; (16) entering judgment for plaintiff on the reserved question.

*Thomas H. Murray,* with him *M. E. Olmstead, S. R. Peale* and *Allison O. Smith,* for appellants.—There was no evidence of negligence of defendant to submit to the jury: Howard Express Co. v. Wile, 64 Pa. 201; Phila. & Reading R. R. v. Yea-

ger, 73 Pa. 124; Longenecker v. Penna. R. R., 105 Pa. 328; Citizens Pass. R. R. v. Foxley, 107 Pa. 537; McKnight v. Bell, 135 Pa. 359; Battles & Webster v. Laudenslager, 84 Pa. 452; Phila. & Reading R. R. v. Schertle, 97 Pa. 454; First Nat. Bank v. Wireback's Exrs., 106 Pa. 47; Reinhardt v. South Easton Borough, 4 Atl. Rep. 535; R. R. Co. v. Munson, 14 Wallace, 442; Roach v. Hulings, 16 Peters, 319; Mensch v. Penna. R. R., 150 Pa. 610; Phila. & Reading R. R. v. Hughes, 119 Pa. 301; Rothchild v. R. R., 163 Pa. 49; Bailey on Master & Servant, 503; Sorenson v. Menasha Paper Co., 56 Wis. 338; Trapnell v. Red Oak Junction, 76 Iowa, 744; Payne v. R. R., 40 N. Y. Superior Ct. 8; Gores v. Graff, 77 Wis. 174; Dunbar v. McGill, 64 Mich. 676.

The deceased was guilty of contributory negligence. Penna. R. R. v. Coon, 111 Pa. 430; Arnold v. Penna. R. R., 115 Pa. 135; Lancaster City v. Kissinger, 11 W. N. C. 151; Frick v. Barbou, 64 Pa. 120; 1 Greenleaf on Evidence, sec. 41; 1 Taylor on Evidence, sec. 196; Sleeper v. Van Middlesworth, 4 Denio, 479.

*David L. Krebs*, with him *William Paterson* and *W. A. Hagarty*, for appellee.—The case was for the jury: Davidson v. Lake Shore & Michigan R. R. Co., 171 Pa. 522; Gray v. Penna. R. R., 172 Pa. 383; Moore v. P. W. & B. R. R., 108 Pa. 349; Marland v. R. R., 123 Pa. 487; Mooney v. R. R., 126 Pa. 244; O'Donnell v. Allegheny V. R. R., 59 Pa. 248; Penna. & N. Y. Canal & R. R. v. Mason, 109 Pa. 296; N. Y., L. E. & W. R. R. v. Bell, 112 Pa. 400; Holden v. Fitchburg R. R., 129 Mass. 268; Patterson's Railway Accident Law, sec. 241; Gilson v. Pass. Ry., 166 Pa. 463.

The plaintiff presented a case free of any evidence of contributory negligence, and the defendants are required to prove that in defense: Waters v. Wing, 59 Pa. 213; Penna. Canal Co. v. Bentley, 66 Pa. 30; Hays v. Gallagher, 72 Pa. 140; McCombs v. Pitts. & W. Ry., 130 Pa. 182; Wharton on Negligence, sec. 425; Lake Shore, etc. R. R. v. Frantz, 127 Pa. 297: McNeal v. Pitts. & W. Ry., 131 Pa. 184; Ellis v. R. R., 138 Pa. 506; Kohler v. R. R., 135 Pa. 346; McGill v. Ry., 152 Pa. 331; Penna. R. R. v. Zink, 126 Pa. 288; Howett v. P., W. & B. R. R., 166 Pa. 607.

We contend further that the reserved question is not such as the law requires: Wilde v. Trainor, 59 Pa. 442; Butts, Exr. v. Armor, 164 Pa. 80; Clark v. Wilder, 25 Pa. 314; Irwin v. Wickersham, 25 Pa. 316; Wilson v. Steamboat Tuscarora, 25 Pa. 317.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896:

One of the questions presented by the testimony in this case was, whether the injuries resulting in the death of plaintiff's husband were caused by the negligence of the defendant companies; the other was whether any negligence of the deceased contributed to the fatal result. An examination of the evidence has convinced us that both were controlling questions of fact which, under the well settled rules of law, the learned trial judge was bound to submit to the jury for their determination. That was accordingly done in a clear, substantially correct and adequate charge, and a verdict was rendered in favor of the plaintiff, subject to the opinion of the court on the question of law reserved.

Plaintiff's averment of negligence, etc. was thus impliedly affirmed by the verdict, and the counter averment of contributory negligence, upon which the defendants relied, was in like manner negatived. Upon due consideration of the point reserved, it was rightly decided in favor of the plaintiff, and judgment was accordingly entered for the amount found by the jury.

It is unnecessary to notice the specifications of error in detail. With the single exception of those relating to the question of law reserved, there is nothing in either of them that is sufficient to suggest even a reasonable doubt as to the accuracy of the general charge or any of the rulings complained of; and they are therefore dismissed without further comment.

It was claimed by the defendants, as a conclusively established fact, that at the time of the accident plaintiff's husband was sitting on the wheel of the brake in the rear of the car next the caboose, and was thus guilty of negligence that contributed to his injury. On that ground, the learned judge was requested to direct a verdict for the defendants, but instead of doing so he submitted all the testimony bearing on the question of the alleged contributory negligence of the deceased to the

jury, with proper instructions, and reserved for future consideration "the question as to whether the alleged fact that the deceased was sitting on the wheel of the brake," etc., "was established as an undoubted fact by testimony of such character as makes it our duty to withdraw the case from the jury." In thus reserving the question, and afterwards deciding it in favor of the plaintiff, he committed no error of which the defendants have any just reason to complain. If any regard is to be had to the hitherto well·recognized line of demarcation between the duties of the court, as the expounder of the law, and those of the jury, as the constitutional triers of fact, he could not have decided otherwise than he did. It has been repeatedly said that negligence is the absence of care according to the circumstances, and is always a question for the jury when there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them. When the facts are either admitted, or established by undisputed evidence, it is the duty of the court to declare the law applicable to them; but when material facts are disputed or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are: Field on Damages, sec. 519; Railroad v. White, 88 Pa. 333; Railroad v. Werner, 89 Pa. 64; McGill v. Railway Co., 152 Pa. 334; Vannatta v. Railroad, 154 Pa. 273; Smith v. B. & O. Railroad, 158 Pa. 87. Tested by the principles recognized in these and many other authorities, the learned judge was clearly right in disposing of the reserved question as he did. His action, in that regard, is fully vindicated in his opinion sent up with the record.

Judgment affirmed.