## William H. Riland *v.* Moses Hirshler and Gabriel Greenwald, trading as Hirshler & Greenwald, Appellants.

*Negligence—Contributory negligence—Elevators—Question for jury.*

The relation between the owner of an elevator for the use of passengers and those carried in it, is similar to that between an ordinary common carrier of passengers and those carried by him. The same reason exists for requiring on the part of its owner the utmost care and foresight and for making him responsible for the slightest degree of negligence.

The evidence being conflicting on the question of contributory negligence, so that adopting either side would determine the question for or against the plaintiff, the case is for the jury.

Argued Dec. 8, 1897. Appeal, No. 119, Oct. T., 1897, by defendants, from judgment of C. P. Schuylkill Co., March T., 1894, No. 302, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass for personal injuries. Before LYONS, P. J., of the 41st judicial district, specially presiding.

It appears from the evidence that the plaintiff brought suit against defendants to recover damages which he alleged he sustained by reason of the negligence of defendants' elevator boy in the operation of the elevator, contained in the defendants' store. Plaintiff, unaccustomed to elevators, had entered the store as a customer and in the prosecution of his business was directed to the second floor in charge of the elevator boy. It appears that the elevator boy opened the shaft door to start the elevator down. It also appears that the car when descending can be readily seen from any part of the store, inasmuch as it runs in a sort of open cage. While the elevator was descending the boy's attention being distracted for a moment, it appears that the plaintiff entered the elevator shaft under the descending car, stepping down some twelve inches into the bottom of the shaft and while in this position was injured by the car.

The evidence was conflicting as to his entry into the position of danger, plaintiff testifying that he was invited to do so by the boy and supposed it was safe and proper to do so as he was unaccustomed to an elevator car and had never seen one before.

This was denied by the boy and there was abundant evidence tending to show that he was warned in ample time to retire from his position of danger. The court left the question of negligence and of contributory negligence to the jury.

Verdict and judgment for plaintiff for $500. Defendants appealed.

Error assigned among others was refusal of binding instruction for defendants.

Geo. J. Wadlinger, with him N. Heblich, for appellants.—The doctrine that where there is a scintilla of evidence, it must be submitted to the jury, is not now recognized as the law of this state: Bank v. Wirebach, 106 Pa. 37; Holland v. Kindregan, 155 Pa. 156; McCarthy v. Scanlon, 176 Pa. 262.

Judgment should be reversed for the following reasons: First, because there was not sufficient evidence of negligence on the part of the boy having the elevator in charge, to warrant a submission of the case to the jury. Second, because the plaintiff was guilty of contributory negligence, as is shown by his testimony, standing alone.

Where the plaintiff and defendant are equally at fault, owing to a mutual mistake of facts, no action can be sustained: Patton v. Traction Co., 23 W. N. C. 542; Marland v. Railroad Co., 123 Pa. 487.

It was the duty of the court to declare the law, the material facts being undisputed, and failing to show negligence in the elevator boy: Wilson v. Railroad Co., 177 Pa. 503.

Contributory negligence will defeat this action: Railroad Co. v. Aspell, 23 Pa. 147.

The plaintiff occupied a place of known danger after warning; this was contributory negligence: Railroad Co. v. Greiner, 113 Pa. 600; Railroad Co. v. Enches, 127 Pa. 316; Marland v. Railroad Co., 123 Pa. 487; Johnson v. Wilcox, 135 Pa. 217.

W. F. Shepherd, with him F. W. Bechtel, for appellee, relied on Baker v. Irish, 172 Pa. 530.

On both the question of negligence and of contributory negligence, the case was clearly for the jury: McGill v. Railway Co., 152 Pa. 331; Whitman v. Railroad Co., 156 Pa. 175.

A careful examination of the evidence disclosed a number of important, positive and direct contradictions between the plaintiff's and defendant's testimony on material questions, which could be settled only by submission to the jury under proper instructions: Clayton v. Traction Co., 3 Pa. Superior Ct. 107.

OPINION BY ORLADY, J., April 25, 1898:

The system of transferring persons from one level to another by elevators is not in such general use as to reasonably expect all persons to be familiar with their operation, and it is not possible to define the degree of care to be exercised by one about to occupy an elevator as a passenger.

It is held that the relation between the owner of an elevator for use of passengers and those carried in it is similar to that between an ordinary common carrier of passengers and those carried by him. The same reason exists for requiring on the part of its owner the utmost human care and foresight, and for making him responsible for the slightest degree of negligence: Goodsell v. Taylor, 41 Minn. 207, 4 L. R. A. 673; Treadwell v. Whittier, 80 Cal. 574; Mitchell v. Marker, 62 Fed. Rep. 139, 25 L. R. A. 33.

In this case it is admitted that the elevator was a safe appliance, and that the person in charge of it was competent.

The plaintiff while in the store of the defendant, as a customer, was directed to go to the second floor to look at some merchandise, and he was placed in the care of an employee to be taken by way of the elevator in use for that purpose.

The car was at the second floor when the plaintiff, who was accompanied by his daughter and the elevator boy, reached the cage. The boy used the proper means to bring the car to the level of the first floor, and while the car descended the elevator boy stood in front of the open doorway with a hand on each side of the door frame. At this important moment the boy stepped away from cage door, at the request of a co-employee to examine the mail box, leaving the door opened and unguarded, and the plaintiff at the direction of the elevator boy, as he claims, stepped into the cage under the descending car and down to the bottom of the pit, which was a distance of twelve inches below the level of the store floor, and while in that space the father and daughter were injured by the car.

The testimony as to what occurred in that moment of time is conflicting, and the inferences to be drawn are not at all clear.

While the defendants were bound to use every precaution to insure the safety of their passengers, and are responsible for injuries received in the course of transportation which might have been guarded against by the exercise of vigilance and skill, there was a corresponding duty upon the plaintiff to so conduct himself as to not in any way contribute to his injury.

The plaintiff was acting upon the invitation of the defendant to occupy an unfamiliar appliance, and after receiving the invitation to " step in " or " walk in " at the open door of the cage, he could not be abandoned by his conductor and involved in dangers with which he was not familiar and was unable to protect himself against, without the master being liable for this negligence; nor, even if invited by the boy, could the plaintiff recklessly step into what to an ordinary mind would be a place of danger, or refuse to respond to the caution of the guide by continuing in a dangerous place if he had an opportunity of avoiding the impending risk, and at the same time recover damages for the injuries sustained.

It is not convincing to say " the plaintiff must have known from his surroundings that he was in the wrong place; " in the light of his testimony, " I was not accustomed to elevators and did not know how they worked, and do not yet; that was the only elevator I ever was in. I went under the direction of the boy, thinking the boy knew better than I did; the boy certainly thought things were all right or else he would not have went in with me, and by his direction and by his going in with me I went in." To arrive at a conclusion it is necessary to consider two facts, the defendant's negligence by their appointed agent who was acting in the discharge of his duties, and the plaintiff's contributory negligence. The evidence was conflicting, so that adopting either side would determine the question for or against the plaintiff; to consider the whole required deliberation and judgment, which would be affected by the appearance and manner of the witnesses, and this case is in the class which must be disposed of by a jury: Baker v. Irish, 172 Pa. 530; Kohler v. Penna. R. Co., 135 Pa. 346; Smith v. R.

R. Co., 158 Pa. 86; Ely v. Ry. Co., 158 Pa. 233; Wilson v. R. R. Co., 177 Pa. 503; Donahue v. Kelly, 181 Pa. 93; Baker v. R. R. Co., 182 Pa. 336.

The several assignments of error are overruled and the judgment is affirmed.