## Schimmack v. Washington & Cononsburg Railway Company, Appellant.

*Negligence—Street railways—Runaway car—Sand apparatus.*

In an action against a street railway company to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where it appears that a car of the defendant escaped the control of the motorman on a steep grade of a borough street, ran by a derailing switch into a side street, struck and injured the plaintiff 150 feet away from the end of the track, and that the sanding apparatus of the car was either out of order, or had not been properly applied.

Argued April 15, 1907.   Appeal, No. 161, April T., 1907, by defendant, from judgment of C. P. Washington Co., May T., 1906, No. 30, on verdict for plaintiff in case of Frank Schimmack v. Washington & Cononsburg Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed..

Trespass to recover damages for personal injuries.   Before McILVAINE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,350.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John H. Murdoch,* of *John H. Murdoch & Son,* for appellant.

*H. L. Williams,* of *McIlvaine & Williams,* for appellee.

OPINION BY ORLADY, J., May 13, 1907 :

The appellant operates an electric street railway in the borough of Washington; on its line on Main street, from near the court house to the intersection with Maiden street, there is an eight to nine per cent grade.   Formerly the tracks continued below Maiden street, but, for some undisclosed reason, that part of the track has been abandoned, but an intersecting switch at that junction has been retained in place to connect with its track on Maiden street, which crosses Main street at right angles.

On the morning of November 21, 1905, car No. 54 of the appellant, in charge of its crew started down the grade on Main street, and was soon beyond the control of the motorman, so that it passed through the intersecting switch at the corner of Main and Maiden streets, and proceeded on down Main street on the brick paving, and after going from 100 to 150 feet beyond the switch, it collided with the plaintiff who was seated in a bakery wagon drawn by one horse, and then continued in its course a distance of about fifty feet further, in which course it broke down two telephone poles and jammed against the curb of the street. The defense interposed was, that the car was fully equipped with the latest and best appliances, which were properly used to safeguard its passage on the descent, but that owing to an unusual and slippery condition of the rails they were ineffective. The motorman testified that he applied the magnetic brake, as well as the hand brake, and used the sand apparatus, but all to no avail. The case was submitted to the jury and resulted in a verdict for the plaintiff, from which the defendant appeals.

An analysis of the testimony demonstrates that the submission was proper. While it was shown that the car was equipped with the latest and best electrical appliances in use, and that after the accident these were found to be intact, it was just as clearly shown that the sanding apparatus was either out of order, or that it was not properly applied on this occasion. Two witnesses testified that while the sand was freely used on the descending grade, it was deposited in a direct line, from four to six inches on the inside of the rail, and not on the rail at all. The tracks were examined by a number of persons who were disinterested, and the attention of the witnesses on the ground was called to this condition, immediately after the car passed. The conditions were not unusual or extraordinary, inasmuch as it was shown that a car had safely passed over the same tracks twelve minutes preceding this one, and one followed it twelve minutes afterward, each being similarly equipped to car No. 54. The purpose of the derailing switch as stated by defendant in its offer, was that it was maintained, " so that in the event of a car getting away from the control of the motorman and running off, to permit the car to run beyond Maiden street corner and on to the brick pavement; and if the derailing switch were

not there, and a runaway car should strike the curve at Maiden and Main streets without the derailing switch, the car would inevitably be overturned, and passengers or others injured who were properly on the car. This offer was made good by the superintendent who testified, that primarily it was there for the sole purpose of protecting the rolling stock of the defendant company and passengers that they may be carrying, and for whom they might be liable in case of an accident. No precaution was taken by the railway company to protect persons lawfully using the public highway beyond the derailing switch, and this plaintiff while lawfully occupying this public highway, was run over by the defendant's car when it was at least 150 feet away from where it had any lawful right to be. The question of the defendant's negligence in operating the car by the motorman not using the appliances under his control at the proper time so as to be effective, was fairly left to the jury, and no other disposition of the case would have been proper under the circumstances.

Negligence is the absence of care according to the circumstances, and is always a question for the jury, when there is a reasonable doubt as to the facts, or as to the inferences to be drawn from them ; and when the facts are either admitted or established by indisputable evidence, it is the duty of the court to declare the law applicable to them ; but when material facts are disputed, or inferences of facts are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are. This has been so frequently decided that it is a controlling rule in all such cases : Wilson v. Penna. Railroad Company, 177 Pa. 503. We do not understand Small v. Pittsburg Railways Company, 216 Pa. 584, to in any way change this rule which has been so frequently announced, and we feel that that case was decided upon its own particular circumstances. The facts stated in the opinion of the court being considered the only ones that the jury should have found under the circumstances, and for the reasons therein given the judgment in that case was special to its own facts. However, the facts in this case are materially different, and could not be disposed of as matter of law.

The assignments of error are overruled and the judgment is affirmed.