# McKnight v. S. S. Kresge Co., Appellant.

*Negligence—Elevators—Duty of owner — Common carriers — Contributory negligence—Passenger—Burden of proof—Presumption—Res ipsa loquitur — Pleading — Practice — Allegation and proof.*

1. In Pennsylvania the owner of a passenger elevator is held to the highest degree of care in the construction, maintenance and operation of the elevator in protecting persons from danger carried thereon.

2. Such owner is not an insurer of the passenger's safety, but his liability for injury is similar to that of a common carrier. As he is not an insurer, the burden of proving negligence is on the plaintiff.

3. The mere happening of an injurious accident in the operating of an elevator, raises prima facie a presumption of negligence, but this presumption may be rebutted by showing the accident was one which the utmost skill, foresight and diligence could not have prevented.

4. Where one who has alighted from an elevator but is engaged in direct connection with or relation to the car, and by some non-negligent act of his is injured, he has not lost his identity as a passenger, and the duty of the carrier still exists.

5. An averment in the statement of claim that the elevator was in defendant's control and that it was "negligently allowed to move upward," so that a safe was tilted forward causing the death of plaintiff's husband, is sufficiently supported by proof of any negligent act of defendant which allowed the elevator to move upward.

6. Plaintiff may waive the right to invoke a presumption of negligence by pleading specific acts of negligence as the cause of injury.

*Negligence—Master and servant—Fellow-servants—Independent contractor—Delegation of duty of master to others—Elevator—Moving safe.*

7. Where a servant works side by side with one employed by his master as an independent contractor, or the latter's servant works with a subcontractor, they are not fellow-servants, even though they help to do the same work for the benefit of the same ultimate employer.

8. Where an owner of an elevator employs an independent contractor to move a safe, the servant of the independent contractor is not a fellow-servant of the operator of the elevator employed by the owner.

9. In such case the owner cannot delegate his duty of furnishing the elevator service, nor permit some one else to delegate this duty to others so as to relieve him from responsibility.

*Negligence—Contributory negligence—Case for jury.*

10. Under the circumstances of this case it was held that plaintiff's husband who was killed while engaged in helping to move a safe on an elevator, was not guilty of negligence as matter of law.

Argued January 5, 1926. Appeal, No. 372, Jan. T., 1925, by defendant, from judgment of C P. No. 1, Phila. Co., June T., 1923, No. 887, on verdict for plaintiff, in case of Elizabeth McKnight, who sues for herself as well as for her minor children John McKnight et al., v. S. S. Kresge Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before McDevitt, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Robert T. McCracken,* for appellant.—There was no proof of negligence on part of defendant, or any of its employees: Kunkc v. Kid Co., 244 Pa. 126; Direnzo v. Bridge & Iron Works, 265 Pa. 561; Erbe v. Transit Co., 256 Pa. 567; Kemmler v. Penn Co., 265 Pa. 212; Sackett v. Twp., 278 Pa. 67; Puhlman v. Cab Co., 259 Pa. 393; Dunmore v. Padden, 262 Pa. 436; Crouse v. Lubin, 260 Pa. 329; Tarr v. Coal Co., 265 Pa. 519; Eckert v. Ship Building Corp., 280 Pa. 340; Schofield v. R. R., 276 Pa. 508.

Plaintiff having presented several theories of the accident, the jury should not have been permitted to guess which one, if any, was the efficient cause: Saunders v. Transit Co., 240 Pa. 66; Alexander v. Water Co., 201 Pa. 252; Runkle v. Pittsburgh, 238 Pa. 349; Bruggeman v. York, 254 Pa. 430; Ellett v. Lit Bros., 264 Pa. 185; McAvoy v. Kromer, 277 Pa. 196; Zeher v. Pittsburgh, 279 Pa. 168.

Plaintiff's husband was guilty of such contributory negligence as to prevent her recovery: Welch v. Stone Co., 215 Pa. 34; Bowman v. Woolworth, 220 Pa. 527; Cacchione v. Hagen & Co., 249 Pa. 32; Snyder v. Steel Co., 251 Pa. 451; Convery v. Stubbs, 267 Pa. 394; Lindguist v. Irwin, 260 Pa. 435; Phelan v. Cork Co., 282 Pa. 285.

*John Garaguso,* with him *Warren C. Graham,* for appellee.—The elevator operator was an employee of de-

fendant and was acting in the course of his employment at the time of the accident.

The proven facts show conclusively that the accident was caused by the negligent act of defendant's employee.

The present case cannot be distinguished from Wallace v. Keystone Auto Co., 239 Pa. 110.

OPINION BY MR. JUSTICE KEPHART, February 8, 1926:

Appellant engaged McKeefrey to move a safe. The latter sent his foreman, McKnight, appellee's husband, and a helper, to do the work. The safe was on the seventh floor of appellant's building and was to be taken thence to the ground floor by means of an elevator. Kemble, chief engineer of appellant, acted as the operator. When the elevator reached the lower floor, Kemble, at McKnight's direction, placed it two inches below the level of that floor. Skids were then placed under the safe, and as McKnight and the helper were in the act of pushing it into the five-foot corridor, as soon as the first two wheels were in the hall, the elevator ascended from eight to twelve inches, and tilted the safe over, crushing McKnight so that he died shortly afterward from the injuries. The safe was five feet high and weighed 2,000 pounds. Appellee, decedent's widow, sued to recover damages; and from the award in her favor, confirmed by the court below, this appeal is taken.

In Pennsylvania the owner of a passenger elevator is held to the highest degree of care in the construction, maintenance and operation of its elevator in protecting from danger persons carried thereon. He is not an insurer of the passenger's safety but his liability for injury is similar to that of a common carrier: Fox v. Phila., 208 Pa. 127; Riland v. Hirshler, 7 Pa. Superior Ct. 384. This rule is also adopted in other states: Champagne v. Hamburger & Sons, Inc., 169 Cal. 683, 147 Pac. 954; Steiskal v. Field, 238 Ill. 92, 87 N. E. 117. Others hold to the standard of ordinary care:

Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925; McGrell
v. Buffalo Office Bldg. Co., 153 N. Y. 265, 47 N. E. 305;
Edwards v. Manufacturing Co., 27 R. I. 248; Mc-
Cracken v. Meyers, 75 N. J. L. 935; Burgess v. Stowe,
134 Mich. 204, 96 N. W. 29. But the doctrine in Penn-
sylvania is in accord with the great weight of authority:
2 L. R. A. (N. S.) 744; 16 L. R. A. (N. S.) 290. Some
of the states holding a different view have applied the
presumption of negligence theory: see Griffen v. Man-
ice, supra; Edwards v. Manufacturing Co., supra. The
rule adopted in this State as to passenger elevators has
been applied in other jurisdictions to the owners of
freight elevators who permit persons to ride thereon,
(Springer v. Ford, 189 Ill. 430, 59 N. E. 953; Orcutt v.
Century Building, 201 Mo. 424, 99 S. W. 1062), as in
the case of "a stockman, accompanying his stock, riding
in the caboose of a freight train."

In Fox v. Philadelphia, supra, where a witness in at-
tendance at court had been crushed to death by an ele-
vator and the charge of negligence consisted in a failure
of a locking device to work, this court said: "Whether
this evidence was sufficient for the purpose for which
it was offered we need not decide, for the plaintiffs were
not called upon for specific proof that the city had been
negligent. Their case was for the jury when they
showed their father had been crushed to death by the
elevator through no fault or negligence on his part, and
it was for the defendant to rebut the contention that it
had been negligent." The court then stated the duty of
common carriers to protect passengers as follows: "The
slightest neglect against which human prudence and
foresight may guard, and by which hurt or loss is oc-
casioned, will render them liable to answer in damages.
Nay, the mere happening of an injurious accident, raises
prima facie a presumption of neglect, and throws upon
the carrier the onus of showing it did not exist." This
presumption may of course be rebutted by showing the
accident was one which the utmost skill, foresight and

diligence could not have prevented: Meier v. Penna. R.
R. Co., 64 Pa. 225; Laing v. Colder, 8 Pa. 479. The
court goes on at some length to justify the conclusion
thus reached, holding that the owner was bound not
only to provide safe and suitable cars, appliances and
machinery for motion and control, but also to exercise
the strictest care in managing these means of trans-
portation: see Treadwell v. Whittier, 80 Cal. 574, 22
Pac. 266; Hartford Deposit Co. v. Sollitt, 172 Ill. 222,
15 N. E. 178, and cases first above cited.

Since the owner of an elevator is not the insurer of
the safety of persons carried on the elevator, the burden
of proving negligence is on the plaintiff. In this, as
stated in Fox v. Phila., supra, and in Riland v. Hirshler,
supra, he is aided by a presumption of negligence simi-
lar to that arising in the case of common carriers.
Where that which causes the injury is under the sole
management and control of the owner or his representa-
tive, and is an agency wherein the slightest negligence
will be followed by injuries of the most frightful conse-
quences to those within the agency, who are utterly ig-
norant of what ought to be done for their safety and in
a position of passive helplessness, and an accident hap-
pens that in the ordinary course would not happen had
those in control used proper care or which human
knowledge, skill and foresight could have guarded
against, it affords reasonable evidence, in the absence of
an explanation, that the accident happened as a result
of the want of care: 9 R. C. L. 1259; 10 C. J. 1039.
Those who use elevators (and they number a large per-
centage of the people) are absolutely at the mercy of
the owners and operators, and are entitled to the benefit
of this rigid rule of law where an injury occurs either
through the operation of the car, defect in its machinery
or improper maintenance of its parts.

When McKnight and his helper were in the act of
pushing the safe from the car, Kemble, at the moment
of the accident, was on the elevator with his hand on

the cable that operated the car. This was the fair effect of appellant's evidence and the jury could well infer that some act of his caused the car to move. He had control of the only device that could keep the elevator stationary or cause it to move. This too appears from the evidence. Kemble, as appellant's witness, denied that he was on the car, and stated that, when the car reached the ground floor, he locked it so that it could not move, and stepped off to the corridor. We need not discuss his act in leaving the car with a passenger on it, a heavy object to be moved off, and someone on the outside to assist in moving it; but even if his statement is true, he could not have locked the safety device that held the car, or else it was defective. Otherwise the car would have remained stationary, which it did not do. This evidence, however, was clearly for the jury, and their finding was adverse to appellant's contention.

It cannot be doubted that McKnight was a passenger while riding on the elevator, and it is equally clear that the relation does not cease at the moment the passenger starts to leave the car: Harvey v. Proctor, 58 App. Div. 139, 142 N. Y. S. 769. Where one has alighted from an elevator but is engaged as deceased was in direct connection with or relation to the car, and by some non-negligent act of his is injured, he has not lost his identity as a passenger, and the duty of the carrier still exists: Fox v. Phila., supra.

The statement of claim charges that the elevator was in appellant's control and that it was "negligently allowed to move upward" so that the safe was tilted forward causing the death of appellee's husband. The specific act which caused the car to move is not stated with particularity, and any negligent act of appellant which "allowed it to move upward" was competent proof of the charge. The court below permitted evidence of other causes to be introduced which appellant says were not germane to the issues raised in the pleadings. It is true plaintiff may waive the right to invoke a presumption of

negligence, by pleading specific acts of negligence as the cause of the injury: Orcutt v. Century Building, supra. But in this case the averment amounted to a general charge of negligence. An examination of the record shows that all evidence offered as to the causes of the accident had a definite relation to the charge of "negligently allowing the elevator to move upward." If appellant felt it was entitled to have the causes set forth more specifically in the pleadings it should have taken proceedings to that end.

Nor without more would we consider an independent contractor or his servant a fellow servant with one aiding him, who is employed by the person procuring the work to be done and on whose premises the work is done.

Appellant had engaged McKeefrey to move the safe, and McKnight was his foreman. To say that Kemble was a servant of McKnight would not establish a fellow servant relation to this appellant. The latter would not be the employer. It is not established by the evidence that Kemble was in the special employ of McKnight, and if an injury to a third person had occurred through McKnight's negligence in the course of his employment, McKeefrey and not the appellant would have been liable.

"Where a servant works side by side with one employed by his master as an independent contractor, or the latter's servant works with the servant of a subcontractor, they are not fellow servants even though they helped to do the same work for the benefit of the same ultimate employer": Grogan v. Hinkle & Co., 70 Pa. Superior Ct. 585, 587. There may be circumstances where the relation of fellow servants exists by one employee being loaned to another (Tarr v. Hecla Coal and Coke Co., 265 Pa. 519), but they are not present in this case. McKnight was bound to perform the particular piece of work for his master McKeefrey. Kemble's relation to it and McKnight to Kemble came through the use and operation of the elevator. But this use and

operation was no more than the ordinary use and the performance of the ordinary duties which his master, this appellant, required of the service Kemble was temporarily engaged in. This service was for McKnight or any one having business with appellant. It was the duty of appellant, using generally such appliances in connection with his business, to furnish the elevator service, and he could neither delegate nor permit someone else to delegate this duty to others so as to relieve him from responsibility: Sciolara v. Asch, 198 N. Y. 77, 91 N. E. 263, 32 L. R. A. (N. S.) 945. The safe was appellant's property being moved on its elevator operated by Kemble, its chief engineer, who had complete control of the instrumentality which caused the death. That McKnight was not a fellow servant with Kemble of appellant is fully demonstrated by Justice SCHAFFER'S opinion in Eckert v. Ship Building Corp., 280 Pa. 340. For the reasons given, the rule applicable in cases of fellow servants (Spees v. Boggs, 198 Pa. 112) injured in elevators does not apply.

In unloading the safe, McKnight placed himself in front of it while his helper stood at the rear and pushed it forward and by their combined efforts the safe was to be forced into the corridor. McKnight's position became dangerous when the elevator moved upward; the trial judge was of opinion he was not guilty of contributory negligence by standing in front of the safe aiding in its removal. We agree that his position was not one of such obvious danger that the court could declare it so as a matter of law. He was not bound to foresee or even remotely anticipate the negligent act of appellant. Had the safe been on a second or intermediate floor and descended, the man who stood in the car would have been subject to the same danger as McKnight. The question of contributory negligence was fairly for the jury.

The judge in charging the jury mentioned the weight of the safe and the capacity of the elevator. Objection

was taken to this by counsel and the court in effect told the jury to disregard the statement, if there was no evidence to support it. This was not error.

All the assignments of error are overruled and the judgment is affirmed.