Black, Appellant, *v.* A. E. Troutman Company.

Argued March 14, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Lee C. McCandless*, with him *M. D. Furman*, for appellants.

*Luther C. Braham*, with him *Darrell L. Gregg, Richard B. Kirkpatrick, Norman D. Jaffe* and *Galbreath, Braham, Gregg & Kirkpatrick*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, April 25, 1956:

This action of trespass arises out of injuries suffered by wife-plaintiff when struck by the door of defendant's elevator as she alighted therefrom. The jury returned a verdict for the defendant. Plaintiffs' motion for new trial having been refused, they appeal and assign as error portions of the court's charge.

Wife-plaintiff went to defendant's store to make purchases, and ascended from the first to the third floor by means of an elevator operated by a female employe of defendant. As she was alighting the door was released and struck and injured her. Plaintiffs contended, and sought to prove, that the accident resulted solely from the negligence of the employe in releasing her grasp on the door before the wife-plaintiff was safely out of the elevator. The defendant, on the other hand, offered proof that the wife-plaintiff "bumped" the employe's hand in such manner that, as a result thereof, she released her grasp on the door.

In determining whether a court's instructions to the jury are erroneous we must consider that charge as a whole, and if it is not misleading we will not reverse, even though there be some inaccuracies or misstatements. Error cannot be predicated upon isolated excerpts if, when read with the remainder of the charge, a true and correct charge is revealed: *Scanlan & Son v. Sherbine*, 382 Pa. 376, 379, 380, 114 A. 2d 900. So considered, the instant charge was a proper one.

Plaintiffs complain that the court erred in not explaining to the jury that the burden shifted to defendant to show how the injury occurred. But after charging as to the law of negligence and contributory negligence, the court unequivocally instructed the jury that that burden rested with defendant. It declared that the plaintiff was "aided . . . by a presumption of negligence similar to that arising in the case of a common carrier." (See *McKnight v. S. S. Kresge Co.*, 285 Pa. 489, 492, 132 A. 575). Near the end of its charge it stated: "I say to you again that the law given to you by the Court *now* is the law of the case and will remain so until stated otherwise by our Appellate Courts . . . where a passenger is injured . . . by the carrier, or its employee, . . . in the operation of the

elevator, . . . *the burden of proof*[1] *is upon the carrier
. . . to show that such injury did not result from its
negligence or the negligence of its employee."* (Italics
supplied). Actually the burden of proving negligence
rested with plaintiffs, who were aided by the presumption. It was defendant's duty then to explain or show
how the accident occurred. Thus the court's charge
gave plaintiffs a benefit to which they were not entitled.

Plaintiffs next contend that the court erred in submitting to the jury conflicting instructions as to the
duty of care owed by defendant to plaintiffs. It is
true, as they contend, that the court submitted the ordinary, reasonably prudent man test. But it thereafter
declared emphatically that "in Pennsylvania the owner
of a passenger elevator is held to the *highest degree
of care in the* . . . operation of its elevator in protecting from danger persons carried thereon." (Italics
supplied). In addition, near the end of the charge and
at plaintiffs' request, the court again declared that the
defendant owed plaintiffs a duty of the highest degree
of care. As plaintiffs contend, an erroneous statement
of the law is not cured by a conflicting one which correctly states the law, and may be the basis for reversal;
but this is so only if the correction is not made clear
to the jury. If, as here, the court has distinctly corrected the error so as to leave no doubt as to the law
to be applied, we will not reverse: *Bender v. Welsh,* 344
Pa. 392, 398, 25 A. 2d 182; *Goldberg v. Philadelphia
Rapid Transit Co.,* 299 Pa. 79, 84, 85, 149 A. 104.

It is next urged that the court misstated a disputed
fact bearing on contributory negligence; unduly em-

---

[1] Actually the applicable doctrine requires that the "risk of
non-persuasion" be cast upon the defendant. See *Dillon v. Wm.
Scull Co.,* 164 Pa. Superior Ct. 365, 369, 64 A. 2d 525.

phasized defendant's testimony; and by so doing instructed the jury, in effect, to find for defendant. But the particular testimony was again called to the jury's attention upon plaintiffs' specific request for clarification. In addition the court clearly stated to the jury what was necessary to establish contributory negligence, and left to the jury the determination of its existence. Again in this instance plaintiffs have taken an isolated statement of the court and assigned it as error. This they cannot do. Taken with the remainder of the charge, its meaning was clear to the jury.

It is to be noted that at the conclusion of the charge the court asked: "Now, gentlemen, are you satisfied?" Both counsel answered in the affirmative. The charge was full, the court painstakingly clarified all matters of fact and law called to its attention by plaintiffs, and left no error therein.

Judgment affirmed.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Mrs. Hazel G. Black was injured when an elevator door closed on her arm as she was leaving the elevator on the third floor of the department store owned by the defendant, A. E. Troutman Company. The jury returned a verdict for the defendant company. Mrs. Black and her husband ask for a new trial on the ground that the Trial Court's charge to the jury was incorrect, inconsistent, contradictory and confusing. I believe that the plaintiffs are justified in their complaint. A reading of the Court's charge, as it appears in the record, will show that it is as chaotic as a cavalry charge. It advances, retreats, reverses, crosses and recrosses the field of discussion until all sense of direc-

tion, purpose, and objective is lost in a mass of rider-less words. Only one point escaped the onslaught of confusion and it was carried like a shining banner throughout the charge, namely, that the plaintiffs' chances for a verdict were slight indeed. The Court stated to the jury that if the plaintiffs' case fell within any one of 16 different situations, they could not recover.

On the main issue in the case, the Court gave to the jury two opposing standards of care as to the duty devolving upon a store owner operating elevators for his customers. It said on the one hand: "The owner, in this case, A. E. Troutman Company, a corporation, is held *to the highest degree of care* in the construction, maintenance, and operation of its elevator in protecting from danger persons carried thereon." And then, on the other hand, the Trial Court declared that: "The owner of premises who induces others to come onto it by invitation express or implied, owes to them the duty of *reasonable or ordinary care* to keep the premises in a safe and suitable condition so that they will not be unnecessarily or unreasonably exposed to danger; but the land owner or occupier cannot be held liable unless there is proof that the plaintiff was injured through his negligence."*

The Majority seeks to find excuses for the ambivalence of the Trial Court's instructions by saying that although it did submit the "ordinary, reasonably prudent man test," which, of course, is wrong, it did later "emphatically" say that "in Pennsylvania the owner of a passenger elevator is held to the *highest degree of care* in the operation of its elevator in protecting from danger persons carried thereon." But the emphasis was really on the other side. After the Trial Court

---

* Italics mine.

had affirmed the defendant's point that the test was that of "reasonable or ordinary care," the Court said: "That point is affirmed. I planned to include that statement in the charge of the Court but since it was in the point I purposely omitted it." It is thus to be noted that by his statement that he had planned to include the "reasonable or ordinary care" in the main body of his charge, the Trial Judge entertained a misconception from the beginning as to what the defendant was required, under the law, to do, to protect the safety of its patrons.

The Majority agrees that the plaintiffs are right in asserting that "an erroneous statement of law is not cured by a conflicting one which correctly states the law, and may be the basis for reversal," but it then goes on to say: "but this is so only if the correction is not made clear to the jury. If, as here, the court has distinctly corrected the error so as to leave no doubt as to the law to be applied, we will not reverse." Let us see how clearly the Trial Court corrected the error it had made "so as to leave no doubt as to the law to be applied." When the attorney for the plaintiffs complained about the incorrect charge on the point under discussion, the Trial Court said: "That point dealing with that as a general proposition of law, as a general proposition is the law and we affirmed it as such. However, the case from which that principle of law is taken does not involve an elevator but rather involves the matter of a step, and we say to you that while it is true as a general proposition, when we deal with an elevator there is a much higher degree of care in the use and operation of that which is in the control of a store or its servants and that standard of care which deals with the elevator the Court has defined for you at length in the quotation of the law cited in the charge, and that, members of the jury, is the law you will ap-

ply in this case." What *was* the law that the jury was to apply in the case?

The Majority says that after the Trial Court charged on the law of negligence and contributory negligence "it declared that the plaintiff was 'aided . . . by a presumption of negligence similar to that arising in the case of a common carrier.' " Here the Trial Court was following ipsissimis verbis a decision of the Supreme Court (*McKnight v. S. S. Kresge Co.*, 285 Pa. 489, 494). How many jurors have the education which would permit them to grasp the significance of "aided by a presumption of negligence similar to that arising in the case of a common carrier"? What does the average juror know about the "presumption of negligence" which arises "in the case of a common carrier"? Reading instructions to a jury from a book intended only for judges and persons highly trained in jurisprudence is like delivering a lecture to ten-year-olds on integral calculus.

Before taking from the book the sentence above quoted, the Trial Court read: "Since the owner of an elevator is not the insurer of safety of persons carried on the elevator, the burden of proving negligence is on the plaintiff." After completing his reading from the State Report, the Trial Judge then did make something very clear. He said: "The definition of the word 'insurer' is merely this. There is not an absolute liability on a department store to anyone who may be hurt on the premises and the plaintiff in this or any case of this kind is not entitled to recover a verdict at the hands of a jury merely because she or he or they were injured in a store such as this." The Trial Judge did not explain to the jury any other part of the quotation with its technical language, but he emphasized the proposition that the store was not an insurer. He said further: "There is a duty, of course, on a store

and its owner who open that store inviting people to come in, do business there, buy there, those people are called 'business invitees' but they are not insurers in the sense which I have just described for you." It will be noted here that while the Trial Judge says that the store has a "duty," he never says what that duty is. So far as clarification is concerned, the duty referred to could have been the obligation on the part of a store to collect money for the merchandise it sells. Nowhere in the entire charge which covers 25 printed pages is there an explanation to the jury in lay language as to what a store owner is required to do, in the operation of its elevators, to protect his customers from danger to life and limb. So far as clarifying instruction was concerned, the jury was on a boundless sea without compass, quadrant, or guiding star to chart their course. It is no wonder that they chose to follow blindly the 16 buoys dropped by the Court, all leading to a verdict for the defendant.

What this Court said in *Randolph v. Campbell*, 360 Pa. 453, 458, is particularly applicable here: " 'It is a primary duty of the trial judge—a duty that must never be ignored—in charging a jury to clarify the issues so that the jury may comprehend the questions they are to decide . . . A trial judge's charges which are inadequate or not clear, or which tend to mislead, are well recognized grounds for reversal . . . 'When the issues in either a criminal or a civil case are not clarified in the judge's charge, the charge is of very little value in the administration of justice though it may contain no prejudicial error. A charge may be technically correct and yet be to the jury meaningless and useless.' "

A person who is injured by any device which is part of the mechanics of a running elevator is not required to prove wherein the device was defective or the ele-

vator owner was negligent. It is the elevator owner who has the burden of showing that he was not negligent in the circumstances. In *Bickley v. Philadelphia & Reading Ry. Co.*, 257 Pa. 369, 375, we said: ". . . a legal presumption of negligence arises, casting upon the carrier the onus of disproving it, when an injury to a passenger is caused by a defect in the road, cars or any other appliance, or by a want of diligence or care in the carrier or its employees, or by any other thing which the carrier can and ought to control as a part of its duty to carry passengers safely." The Trial Judge in the case at bar did not inform the jury that the defendant was required to disprove negligence. The Majority, however, takes the position that the lower Court properly charged in this respect and even goes so far as to say that the Trial Court "unequivocally instructed the jury that that burden rested with defendant." I am unable to find any language in the charge which would justify so unequivocal an encomium. All that the Trial Judge did was to tell the jury that it was the *contention* of the plaintiff that the burden shifted to the defendant. A contention is far from being an affirmation of law. It is a matter for common observation that a Court can submit a contention of one of the parties in such a way as to make it seem almost absurd.

And then, finally, the Majority apparently believes that the Trial Judge discharged all his obligations to law and to justice by asking of the attorneys at the termination of his charge: "Now, gentlemen, are you satisfied?" What is an attorney to do when the Judge asks him in the presence of the jury if he is satisfied? Is he to arise and declare: "Your Honor, I am far from satisfied. I believe Your Honor's charge is one-sided, inadequate and unjust."

The attorney for the plaintiffs had already called several matters to the attention of the Court. Was he to insist on the corrections which the Court had failed to make? Was he to speak of further errors, thus risking a show of resentment from the bench? In a situation of this kind the attorney is placed in a most precarious position: if he says nothing, it may be held against him on appeal that he remained silent; if he speaks, the Court may disdainfully sweep aside his recommendations, all to the injury in the jury box of his client's interests. Many judges throw at lawyers the question "Are you satisfied" not as an aid to justice but as a fetter and muzzle against subsequent complaints.

I believe that the appellate courts should utterly ignore this crippling question put by judges to lawyers. Whether the question is sincerely put to assist the lawyer in the cause of justice or insincerely put so as to disable the lawyer in his appeal is of no consequence. It should be treated as the superfluous persiflage which in many instances it is.

Anyone who rides in an elevator is at the mercy of the operator of the apparatus and the mysterious forces which give it power. A litigant in the courtroom is equally as helpless before the awesome power of the judge. It would appear that Mrs. Black was as unfortunate in the courtroom as she was in the elevator shaft. At any rate, the record is far from proof that her case was presented to the jury in accordance with all the care necessary to insure an intelligent, responsible, and impartial verdict. Hence I dissent.