# Stevenson, Appellant, *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.

*Negligence—Railroads—Station—Slippery steps—Hand rail—Contributory negligence.*

In an action against a railroad company to recover damages for personal injuries sustained by falling on slippery steps descending to a railroad station, the plaintiff is not entitled to recover where the evidence shows that the defendant company had provided a hand rail along the steps for the convenience and safety of the public, that the plaintiff had at first used this hand rail, but because his glove had caught on some knobs or projections on the rail, he took the middle of the steps, although he knew of their slippery condition, and fell and was injured.

Argued Nov. 12, 1907. Appeal, No. 179, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June Term, 1904, No. 134, on verdict for defendant in case of William E. Stevenson v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial the court gave binding instructions for defendant, charging in part as follows: The point that I think is a bar to the plaintiff's case is this: He admits that when he reached the top of this stairway he saw that it was very icy; he recognized the danger, and on account of that danger took hold of the railing. The photographs in this case show a railing. According to the testimony it was up away from the step nine inches, the amount of projection of the cement wall. It was easily reached, and was put there for the purpose of protecting people from falling from the steps, and also a hand rail. The plaintiff recognized that and took hold of it. He gives no good excuse why he let go of it, why he did not continue to protect himself by that rail. He stepped to the middle and walked down until he was within four or five steps of the first landing when the very thing happened to him which he feared, and which he had every reason to expect. In that

he was, to my mind, plainly guilty of negligence. The only excuse he gives was that he could not continue to hold the rail on account of the spikes which he said projected half an inch above the rail. They are shown on these various pictures, and shown to be far enough apart to take hold, but he does not say that there was anything dangerous about them, simply that they caught his glove; he does not say they prevented him from taking hold, or even taking hold of the grill work below the rail.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*David S. McCann*, for appellant.

*William S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellee.

PER CURIAM, January 6, 1908:

The plaintiff, coming to the stairway leading to the station, found a hand rail plainly intended for the convenience and safety of persons descending. He recognized the purpose and the usefulness of the rail by taking hold of it at first, but then, finding his glove caught in some projecting points or knobs on the rail, he let go of it and took the middle of the steps although he knew they were slippery with ice. Thus, to avoid what was, at most, an inconvenience, he voluntarily encountered a manifest danger. He thus took upon himself the risk.

Judgment affirmed.