# Murray et ux., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Passenger—Getting on car—Step —Contributory negligence.*

In an action against a street railway company by a passenger to recover for personal injuries alleged to have been caused by a step of a car being in improper position when plaintiff attempted to board the car, binding instructions for defendant are proper, where plaintiff's own testimony showed that she either attempted to use the step without observing its position at the time, or that, seeing the step was not in proper position, she took the chance of using it and was hurt.

Argued January 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 232, Jan. T., 1927, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., June T., 1926, No. 19614, on directed verdict for defendant, in case of Robert E. Murray et ux. v. Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries. Before LEWIS, J.

The opinion of the Supreme Court states the facts.

Directed verdict for defendant on which judgment was entered. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Nochem S. Winnet,* with him *James J. Welsh,* for appellants.

*Harry S. Ambler, Jr.,* with him *John J. K. Caskie,* for appellee.

PER CURIAM, January 23, 1928:

Jennie Murray and her husband, Robert E. Murray, sued to recover for injuries sustained by the former as a result of alleged negligence on the part of the Philadelphia Rapid Transit Co. The statement of claim asserts that the injury was caused by the step of one of defendant's trolleys not being in proper position when Mrs. Murray attempted to board the car. She testified that the car was equipped with a folding step which closed up when the door shut and fell into place for use by passengers when the door was opened; that, looking straight ahead, she put a foot on the step, believing it was in the proper position, and, as she raised herself, the step went down about three inches, under her weight, causing her right ankle to turn and throwing her to the ground; that, as a result, she sustained bodily injuries. Binding instructions were given in defendant's favor; judgment was entered accordingly, and this appeal on behalf of Jennie Murray ensued.

Defendant offered testimony that there was no fault with the mechanism of the step or in its operation, but we rule the case on the testimony relied on by appellant, which shows that she either attempted to use the step without observing its position at the time, or that, seeing the step was not in proper position, she took the chance of using it and was hurt. Under the circumstances, the court below did not err in taking the case from the jury.

The judgment appealed from is affirmed.