Schwartz et ux. *v.* City of Philadelphia, Appellant.

Argued October 8, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Lewis J. Finestone,* and with him *G. Coe Farrier,* Assistant City Solicitors, and *Augustus Trask Ashton,* City Solicitor, for appellant.

*Howard R. Detweiler,* and with him *Robert M. Bernstein,* for appellees.

OPINION BY LINN, J., December 14, 1931:

The city appeals from judgments in favor of a husband and wife for injury to the wife sustained in walking down a stairway maintained by the city to give access from Wyoming Avenue to Fisher's Lane, a street on a lower level at the foot of the stairway. The negligence shown was the failure to remove ridges of snow and ice from the stairs.

The only complaint is that the learned court below refused to direct verdicts for defendant or to enter judgments n. o. v. on the ground of contributory negligence. That question was for the jury.

The stairway was uncovered, made of wood, about 5 feet wide, guarded on each side by a barrier composed of 3 boards, each 5 or 6 inches wide, (judging from the photographs) separated by spaces of about the same width, having on top a timber which the evidence describes as 4 inches by 4 inches, set with the angle upwards. Mrs. Schwartz walked down the stairs on the right side looking where she was walking; her husband was on her left. Notwithstanding the care exercised, she stepped on a ridge of snow or

ice, slipped and was injured. The burden of the city's argument here is that if she had kept her hand on the top timber, which the city calls a handrail, she might not have been injured and that the failure to use it convicts her of contributory negligence, as matter of law. She states that the timber on the top of the barrier was not a handrail; that it was so large it could not be grasped by the hand; and that, in any event, it was "a big thick railing that ran to a point like that and it was all splintered and I could not put my hand on it." There are two photographs in the record which show the structure clearly; from our inspection of the photographs, in connection with the evidence of the plaintiff, we cannot hold that the failure to keep her hand on that splintered timber was contributory negligence. The evidence was submitted to the jury in a very clear charge. There is no controlling analogy between plaintiff's conduct in this case and the failure to use the handrail on the railway station stairway, (Stevenson v. Pittsburgh, etc., Ry. Co., 219 Pa. 626) or the handrail intended to assist passengers alighting from a bus (Fordyce v. White Star Bus Lines, 304 Pa. 106) relied on by the city.

The judgments are affirmed.