## Acton et ux. *v.* Pennsylvania-Reading Seashore Lines, Appellant.

Argued October 3, 1939.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*Henry R. Heebner,* with him *William Clarke Mason,*
for appellant.

*Abraham Wernick,* for appellees.

OPINION BY HIRT, J., January 30, 1940:

In this action the plaintiffs recovered for injuries to
the wife plaintiff. The refusal of the court to enter judg-
ment for the defendant n. o. v. is the error assigned.

On August 1, 1937 plaintiff, Margaret Acton, then
56 years of age, with her husband and son, boarded a
passenger train at Camden and arrived at Atlantic
City, their destination, about 11:00 A. M. The train
was made up of ten steel passenger coaches of the vesti-
bule type; the plaintiffs were riding in the fourth car
from the rear of the train. Mrs. Acton testified that
when the train stopped, she went to the vestibule at the
rear of the car and while standing there preparing to
leave the train, she looked at the steps in front of her
and observed that the tread of the first step below the
platform where she was standing was "worn right in
the center" and "was very slippery and curved, very
much worn and very smooth around the edge." The
steps were constructed entirely of metal. Another wit-
ness testified that the upper step was very smooth with
the edge worn down. There is, also, corroboration to the
same effect in the testimony of the husband plaintiff and
the son. The wife in stepping down upon the tread of

the step which she observed to be smooth, slippery, and worn, slipped and fell forward to the platform of the railway station and was injured. One passenger had preceded her; her husband followed carrying two suit cases, but Mrs. Acton was the only one who had difficulty in descending the steps.

The jury with propriety under the evidence, might have found that the defendant was not chargeable with negligence. The car was modern in construction and appliances, and the steps were constructed according to defendant's testimony, of a composition metal, cast integrally and especially adapted to that use. Since the issue, however, is whether the defendant is entitled to judgment as a matter of law notwithstanding the verdicts, the plaintiffs' testimony must be accepted as verity and all conflicts must be resolved in their favor.

The duty imposed upon the railroad is clear: "While a carrier is not bound to anticipate unusual and unexpected perils to its passengers either in transit or while entering or leaving its cars, yet its servants must be diligent at all times in protecting passengers from danger by the exercise of the highest degree of care which is reasonably practicable. It was the duty of the defendant, as a carrier of passengers for hire, not only to transport the plaintiff safely but to provide reasonably safe means of ingress and egress to and from the car." *Mack v. Pittsburgh Rys. Co.*, 247 Pa. 598, 93 A. 618, and "It may be considered as settled, in the language of AGNEW, J., in *Meier v. Pennsylvania Railroad Co.*, 64 Pa. 225, 230, that a presumption of negligence arises from an accident to a passenger when it is caused by a defect in the road, cars or machinery, or by want of diligence or care in those employed, or by any other thing which the company can and ought to control as a part of its duty, to carry passengers safely." *Fern v. Penna. R. R. Co.*, 250 Pa. 487, 491, 95 A. 590. But, though the wife plaintiff had the right to assume that the steps of the railroad car were reasonably safe for the

purpose they were intended to serve, yet in making use of the steps she did not rely upon the assumption. On the contrary, she observed the condition of the steps as she was bound to do in the exercise of ordinary care, and before committing herself to them, noted that one of the steps was slippery and worn. There was no foreign substance on the metal tread such as oil or grease; the step was dry and clean and if unsafe, was made so only by a wearing away of the metal by use. Since this plaintiff observed that the step was slippery, she was forewarned of the danger of stepping upon it. And she did not use the means at hand for her protection; there was a handrail on each side of the steps and common prudence should have prompted the use of them under the circumstances: *Stevenson v. Pittsburgh, Etc., Ry. Co.*, 219 Pa. 626, 69 A. 45. Moreover plaintiff, after observing the dangerous condition, did not ask for assistance; a member of the train crew may not have been available but her son and husband were with her. This was not the only means of exit from the train; there were others in near-by coaches which she did not inspect before committing herself to the dangerous step. The duty was upon this plaintiff to ascertain if there was a safe means of exit, for if there was a choice of ways, one safe and the other dangerous the voluntary choice of the latter was negligence. She made no effort in this respect. Since she had knowledge of the defect she is convicted of contributory negligence, under the circumstances, in attempting to make her exit by means of steps which from her observation she had reason to believe were unsafe: *Fern v. Penna. R. R. Co.*, supra, pp. 494, 496; *Murray v. Phila. R. T. Co.*, 292 Pa. 72, 140 A. 522.

We are of the opinion that plaintiffs' testimony viewed in its most favorable light charges the wife plaintiff with contributory negligence barring recovery.

Judgments reversed and directed to be entered for the defendant n. o. v.