## Ward, Appellant, *v.* Horn & Hardart Baking Company.

Argued October 1, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Edwin Fischer,* with him *Owen F. McLane,* for appellant.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for appellee.

OPINION BY HIRT, J., November 10, 1948:

Defendant conducts a public restaurant in the basement of a building at Eleventh and Market Streets in Philadelphia. The entrance to the restaurant is on Market Street and is six weet wide at the building line. Double doors at the entrance open inward and generally were kept open in all kinds of weather during business hours. When open, the doors were fastened back against the walls of the entryway. The composition floor covering this entryway extends at the

sidewalk level into the building from the threshhold, for a distance of 47 inches, to the top step of a stairway. The stairway, 8 feet wide, descends to a revolving door at the basement level, the entrance to the restaurant proper. Many people patronizing the restaurant, make use of these facilities daily. Handrails are available to those using the stairway, one on either side of the stairs attached to the wall; the third handrail in the middle of the stairway is supported by metal uprights on the steps.

About 4:15 on the afternoon of December 27, 1944, plaintiff walked into the entryway from Market Street, according to her daily custom, intending to go to the restaurant below. For more than an hour it had been snowing with the snow changing to rain and sleet. There was a high wind and the floor of the entryway was wet from snow or rain blown from the street, or tracked in by patrons of the restaurant. Plaintiff slipped as she stepped on to a brass strip or nosing along the edge of the top step; she fell down the stairs and was injured. The jury found for plaintiff in the sum of $2,500. She has appealed from the judgment entered by the court in favor of the defendant n. o. v.

We need not decide whether the lower court was right in its conclusion that defendant was not negligent, for assuming, as we will, that defendant failed in its duty to maintain the premises in a reasonably safe condition for those invited to use them, plaintiff clearly is chargeable with contributory negligence barring recovery.

Plaintiff was familiar with the entryway and the stairway under all conditions of weather for she had been an almost daily patron of the restaurant for more than a year. She knew from past experience that the areaway would be wet during inclement weather, since it opened directly onto the street and because all of defendant's many patrons used this, the only entrance to the restaurant. She testified that the sidewalks gen-

erally, on the day in question, as she approached the entrance to the restaurant, were covered with ice, sleet and slush; in her language "It was an awful day . . . one of the worst days that ever happened". She knew of the custom of defendant under such conditions to cover the tile-like floor of the entryway with sawdust to absorb the moisture. As she stepped into the building she observed the general condition of the floor of the entryway; she noticed that it "was sloppy" and that there was no sawdust on the floor. But in reply to the question: "When you entered the doors, did you look down at the floor?", she stated: "No; I didn't have time to look down. It all happened that quick." She testified that at the edge of the top step of the stairway there was a brass strip which "was worn and very slippery" and that she lost her footing as she stepped upon it. Plaintiff testified that she "went down too quick, too fast, too hard to grab the railing" but conceded that if she had had her hand on a handrail she would not have fallen. The open door, fastened against the wall on plaintiff's right as she entered the building, did not extend to the very top of the stairway and plaintiff could have grasped the handrail on her right as she approached the stairway. The handrail in the middle of the stairs was even more readily available. It was supported by metal uprights 36 inches high and the curved finial of the rail extended several inches from the top of the stairs toward plaintiff as she approached. The entryway was well lighted by a large neon light over the stairs. There was nothing to distract plaintiff's attention from the wet and slippery condition of the floor in front of her. In our review of the facts we have given plaintiff the benefit of every favorable inference.

The law requires that premises to which the public is invited be so maintained that they can be used without danger by persons exercising ordinary care for their safety. And where one is injured because of his failure

to observe an obvious dangerous condition, which ordinary care for his safety would have disclosed, he will not be heard to complain. *Rogers v. Max Azen, Inc.*, 340 Pa. 328, 16 A. 2d 529. Defendant's business is to serve food. There was nothing in the entryway to its restaurant to challenge or divert the attention of anyone. The present case therefore is not removed from the operation of the general rule ordinarily applicable to business invitees, as well as to pedestrians on sidewalks. *Bilger v. Great A. & P. Tea Co.*, 316 Pa. 540, 175 A. 496; *Larson et ux. v. N. Snellenburg & Co.*, 154 Pa. Superior Ct. 63, 35 A. 2d 540. Plaintiff violated the ever present duty of care required of all persons to look where they are going and to avoid the danger by use of the means at hand. Cf. *Ziegler et ux. v. W. U. Telegraph Co.*, 319 Pa. 274, 179 A. 45. She said there was "mud and slush" on the floor. Thus, by failing to use either of two available handrails provided by the defendant for the safety of persons entering the restaurant, plaintiff must be regarded as having "voluntarily encountered a manifest danger", and is chargeable with the responsibility for her resulting injuries. *Stevenson v. Pittsburg, Etc., Ry. Co.*, 219 Pa. 626, 69 A. 45. Since this plaintiff was forewarned of the danger of slipping on the wet floor, which she was bound to observe, common prudence should have prompted her to use a handrail, under the circumstances. *Acton et ux. v. Pa. Readg. Seashore Lines*, 138 Pa. Superior Ct. 605, 11 A. 2d 203. We can agree that after she had slipped at the edge of the top step it probably was too late for her to save herself by reaching for one of the handrails. But there was nothing to prevent her from grasping either the middle rail or the one on her right *before* she stepped upon the metal strip at the edge of the top step. Her failure in this respect was negligence sufficient in itself to bar recovery. The following discussion in *Walker v. B. and W. Corp.*, 320 Pa. 504, 508, 182 A. 643, is pertinent here: "We are

not unmindful of the elementary rules of law requiring those responsible for the care and upkeep of property to maintain the premises in safe condition for the use of those whose presence may be anticipated. But it has always been equally true, and our recent cases have made it very clear, that a person may not abandon the duty of ordinary care for his own safety, and, in the event of injury, seek to charge one whose negligence would not in itself have been sufficient had there not been combined therewith the lack of due care on the part of the injured person."

Judgment affirmed.