Milburn *v.* Knights of Columbus Home Association, Appellant.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leighton R. Scott,* with him *Charles D. Hogan* and *Hogan & Scott,* for appellant.

*James B. McGiffert,* with him *A. Albert Gross* and *Gross & McGiffert,* for appellee.

OPINION BY HIRT, J., November 14, 1950:

Plaintiff slipped on a step of an outside stairway on defendant's building and was severely injured in her fall to the landing below. There was an accumulation of snow-covered ice on the step which caused the fall. In this action for damages the jury found in her favor and judgment was entered on the verdict. We are unable to find merit in the contention that the evidence does not convict the defendant of negligence or that plaintiff failed to present a case free from contributory negligence. The judgment will be affirmed.

In the light of the verdict these facts must be taken as admitted: In mid-afternoon of February 22, 1948, a cold clear day, plaintiff in the company of friends went to pay a social call on the steward and his wife who were in charge of the Knights of Columbus Home in Easton and who occupied living quarters on the premises. The home or club house is an extensive building on the north east corner of Ninth and Lehigh Streets in Easton. The premises abut both streets. The main entrance to the club rooms is at the front of the building and is about on the level of Lehigh Street. There is

a sharp decline in the grade of Ninth Street, running northwardly from Lehigh Street along the west side of the building. The entrance to the living quarters of the steward is gained by means of stairways running from Ninth Street up to a porch near the north end of the building. On the day in question the plaintiff, in ascending the upper flight of steps leading to the porch, noted that the two top steps of the wooden stairway were covered with snow. In leaving the building at dusk, she slipped and lost her footing as she stepped from the porch on to the top step of the stairway and fell to the landing below.

Defendant owed the same duty to persons lawfully using the stairways leading to its building, as it did to pedestrians on the sidewalk below. There is no absolute duty on the part of an owner to keep his premises and sidewalks free from snow and ice at all times; his only duty is to remove the accumulation within a reasonable time after notice of the dangerous condition. *Whitton v. H. A. Gable Co.,* 331 Pa. 429, 200 A. 644. Accordingly, "To permit a finding of actionable negligence on the part of the owner or occupant of the abutting property the plaintiff must not only sustain the burden of proving an accumulation of sufficient size to constitute an unreasonable obstruction to travel, with actual or constructive notice to the owner or occupant, but must go further and show that the dangerous accumulation was the cause of the fall: Davis v. Potter, 340 Pa. 485, 487, 17 A. 2d 338; Zieg v. Pittsburgh, 348 Pa. 155, 157, 34 A. 2d 511; Hulings v. Pittsburgh, 150 Pa. Superior Ct. 338, 340, 28 A. 2d 359": *Miller v. City Ice and Fuel Co. et al.,* 363 Pa. 182, 69 A. 2d 140. The burden has been met in this case. The sidewalks generally and the stairway, except for the upper two steps, were practically free from ice and snow. The accumulation of ice and snow on the step which caused the fall was described by plaintiff and her

witnesses as "lumpy and bumpy" and "ridgy". It had not snowed for three or four days according to plaintiff's positive testimony. One of her witnesses testified it had not snowed for a week. If the slippery condition of the step resulted from thawing snow and subsequent freezing the dangerous accumulation must have been on the step for at least three or four days. The temperature had been below freezing continuously for a week. And if the ice on the step was formed from water dripping from the roof of the porch, that condition must have existed during the period of the sub-freezing temperature. But whether the accumulation of ice existed for three or four days, or for a week, immediately preceding the accident, the period in either event was sufficiently long to charge the defendant, *in possession of the premises,* with constructive if not actual notice of the dangerous condition. *Silberman v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854. The defendant did not offer any testimony. Reasonable inferences from the undisputed testimony, favorable to plaintiff, clearly charge the defendant with actionable negligence in failing to remove the accumulation of ice and snow from its stairway after notice of the dangerous condition.

Favorable inferences from the testimony, to which plaintiff is entitled, also absolve her of the charge that she was negligent in failing to exercise due care for her safety.

There undoubtedly was the means of avoiding the use of the outside stairway by going from the steward's living quarters through the club rooms and out the front door of the building on to Lehigh Street. But plaintiff did not know of it and there is no evidence that she would have been permitted in the club rooms even for that purpose. There is no proof of a safe alternative means of exit from the building, available to this plaintiff.

Plaintiff knew of the dangerous condition of the step which caused her fall for she had observed it as she went up the stairway on her way into the building. But she is not chargeable with negligence from that fact, merely because she proceeded into the building knowing that she would have to meet the same hazard on her way out. That was a question for the jury. Cf. *Brown v. White,* 206 Pa. 106, 55 A. 848: *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45. As she descended the steps, she was bound to remember their condition, which she had observed a short time before, and to exercise due care to avoid any danger inherent in that condition. *Mammana v. Easton Nat. Bank,* 338 Pa. 225, 12 A. 2d 918. There is an ever present duty imposed on all persons to look where they are going and to avoid the danger by use of the means at hand. *Ward v. Horn & Hardart Baking Co.,* 163 Pa. Superior Ct. 422, 62 A. 2d 97. The means at hand available to this plaintiff were substantial handrails of proper height on both sides of the wooden stairway. As to the use which plaintiff made of the handrail on her right, she testified: "I crossed from the door to the [front] of the porch, took hold of the bannister, and put one foot down on the first step, and before I got the other foot down I was at the bottom of the landing. I fell". In response to the question as to whether she stepped down before taking hold of the railing, she said: "I put my hand on the railing and stepped down. I put my one foot down very carefully because I knew it was slippery there . . . I knew it was slippery, that is why I took hold of the bannister".

In the Ward case, supra, we denied recovery. There is a controlling difference however, in the conduct of the plaintiff in that case and that of the present plaintiff. This plaintiff, to minimize the hazard of the icy step, made use of the handrail in her effort to descend the stairway in safety. The plaintiff in the Ward case,

although she observed the slippery condition of the floor at the top of the stairway, failed to use either one of two handrails which were available to her. Because of her failure in that respect, in the face of obvious danger, she was chargeable with contributory negligence. The principle of the Ward case is well settled, (*Stevenson v. Pittsburg, Etc., Ry. Co.,* 219 Pa. 626, 69 A. 45; *Acton et ux. v. Pennsylvania Reading Seashore Lines,* 138 Pa. Superior Ct. 605, 11 A. 2d 203) but it is not applicable here.

Plaintiff's testimony, accepted by the jury, does not convict her of contributory negligence.

Judgment affirmed.