## Downs, Appellant, *v.* Cammarano.

Argued March 23, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Leonard J. Gajewski,* for appellant.

*J. M. Morrissey,* with him *George R. Eves,* for appellees.

OPINION BY MONTGOMERY, J., April 14, 1966:

This is an appeal by the plaintiff Jay W. Downs from the refusal of the lower court to remove a com-

pulsory nonsuit entered in this action of trespass. In assessing the propriety of the entry of a nonsuit, we are mindful that such a judgment should be entered only in a clear case, and that the testimony must be read in the light most favorable to the plaintiff's case, giving him or her the benefit of all reasonable inferences flowing therefrom. *Moss v. Reading Company,* 418 Pa. 598, 212 A. 2d 226 (1965).

This accident occurred on February 1, 1963, about 4:30 p.m. as plaintiff was descending a flight of four steps (five including the porch floor) four feet wide by which entrance was gained to the front of defendants' residence. Plaintiff had ascended the steps a few minutes before the accident for the purpose of making a delivery of dry cleaning to the defendants, which had been accomplished. The steps were described as being very icy with hills and ridges on them making travel over them very difficult. In ascending the steps encumbered with the cleaning plaintiff proceeded by placing one foot on each step and bringing the other foot up to the same step before attempting to advance to the next step. There was a railing along one side of the steps but it was not used by plaintiff because it was also ice covered. In descending the steps he used the same procedure and proceeded in a sidewise manner, but again declined to use the railing because it was ice covered. In descending he stepped off the top step onto the center of the one below and was about to bring his other foot down to the same level when his feet shot from under him. He then reached out for the railing but did not get it in time to save him from falling.

Our review of the record indicates sufficient evidence to justify the submission of this case to the jury on the question of defendants' negligence. Therefore, the only question we need to consider is whether plaintiff was contributorily negligent as a matter of law.

Such negligence may be declared by the court as a matter of law only where the conclusion is inescapable. *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 180 A. 2d 414 (1962); *Enfield v. Stout*, 400 Pa. 6, 161 A. 2d 22 (1960). Therefore, unless it is an inescapable conclusion that plaintiff was negligent in using the steps with knowledge of their obvious danger, or in failing to use the icy handrail, the case should have been submitted to the jury.

Although the court held the case of *Morris v. Atlantic and Pacific Tea Company*, 384 Pa. 464, 469, 121 A. 2d 135, 139 (1956), cited by the plaintiff, as not controlling the present case, the principles stated therein are equally applicable: "The fact that a controverted terrain is dangerous, or potentially so, does not of itself prove contributory negligence. . . . In the field of contributory negligence there is an area which although potentially dangerous is not prophetic of resultant mishap. A pedestrian may enter this area, if the exigencies of the moment require him to do so, and if injured therein, it cannot be said that he has convicted himself of contributory negligence as a matter of law. Then there is an area of obvious peril, where, regardless of necessity, the traveler is forbidden to enter, on pain of culpable contributory negligence should there be an accident. These areas are not necessarily widely separated. They may be contiguous and even at times overlapping. It is for the jury to decide in which area the plaintiff was moving when events went awry." *Milburn v. Knights of Columbus Home Association*, 167 Pa. Superior Ct. 509, 76 A. 2d 466 (1950), is authority for the same principle. The fact that the plaintiff successfully ascended the steps with his cleaning and without the use of the handrail indicates that there is some room for reasonable minds to differ on the question whether this was a forbidden area in which an accident would appear inevitable by its use.

In descending the steps plaintiff was bound to remember their condition as observed and experienced on his ascent, and he was under the ever present duty to look where he was going and to avoid danger by the use of his senses and the means at hand. *Milburn v. Knights of Columbus Home Association*, supra. In performing his duty to safeguard himself from an accident he looked and took the same precaution as he had taken in ascending. He descended sidewise, intending to place both feet on each step before attempting to descend to the next one. He was using the center of the steps where, it may be reasonably presumed, he had successfully ascended. The only thing he did not do was to hold onto an ice covered railing which in his judgment might have increased his hazard. We cannot say with certainty whether its use would have been helpful or not. Therefore, it was for the determination of the jury. In *Stevenson v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company*, 219 Pa. 626, 69 A. 45 (1908), *Milburn v. Knights of Columbus Home Association*, supra, *Ward v. Horn & Hardart Baking Company*, 163 Pa. Superior Ct. 422, 62 A. 2d 97 (1948), and *Acton v. Pennsylvania-Reading Seashore Lines*, 138 Pa. Superior Ct. 605, 11 A. 2d 203 (1940), the availability and suitability of the handrails were evident, but that question is not beyond dispute in the present case. Here plaintiff testified he did not use the railing because it was covered with ice from water which had been caused by the leaking condition of the porch roof. This raised a question as to its suitability.

We conclude that this is not such a case as to justify a compulsory nonsuit.

Order reversed and a new trial granted.