## Whitley, Appellant, *v.* Philadelphia Transportation Company.

Argued September 11, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Sheldon Tabb*, with him *Needleman, Needleman, Segal & Tabb*, for appellant.

*Walter E. Knecht, Jr.*, with him *O'Keefe, Knecht & Ryan*, for appellee.

Opinion by Jacobs, J., November 16, 1967:

Appellant was injured while a passenger on one of defendant's streetcars. The case was tried before the Honorable Theodore L. Reimel, President Judge of Court of Common Pleas No. 5 of Philadelphia County, and a jury. At the conclusion of appellant's case appellee moved for a compulsory nonsuit which was granted by the trial judge. Appellant's motion to take off the nonsuit was refused. In the opinion of the lower court the appellant had not met her burden of showing appellee's negligence because she had made prior inconsistent statements and the jury would have to conjecture as to which statement was true. The lower court further found that appellant had failed to prove that the appellee's alleged negligence was the proximate cause of her injuries and indicated that appellant had voluntarily assumed the risk.

In determining the propriety of the entry of a nonsuit and the refusal of the court below to remove the

same we must read the testimony in the light most favorable to the appellant's case, giving her the benefit of all reasonable inferences flowing therefrom. *Moss v. Reading Co.*, 418 Pa. 598, 212 A. 2d 226 (1965); *Downs v. Cammarano*, 207 Pa. Superior Ct. 478, 218 A. 2d 604 (1966). Viewed in that manner the testimony reveals the following to be the facts of the case.

The injury of which the appellant complains occurred about 10:45 p.m. on April 6, 1961. She boarded appellee's No. 34 streetcar trolley at 15th and Market Streets in the City of Philadelphia and seated herself on the right side of the car. Her destination was 56th Street and Baltimore Avenue. She arose from her seat when the car was on Baltimore Avenue about a third of a block from 56th Street. She rang the signal, walked to the front door and stood on the first step below the floor level of the car. The car was still in motion when she reached the first step and before it came to a halt at 56th Street the door unexpectedly flew open and hit her on the head.

Appellant stated on the stand that the door flew open before the car had come to a stop. However, in her complaint and in an interrogatory taken before trial she stated that the car had come to a halt to discharge passengers when she was struck. It was on the basis of this inconsistency that the court below found that the jury would have to conjecture as to which statement was true, and concluded that appellant had not sustained her burden of proving negligence. We believe that this conclusion was incorrect because appellant was confronted with the inconsistency while she was on the stand and reaffirmed her oral testimony that the door opened before the car came to a halt. Where a party or his witness has made inconsistent or contradictory statements and he is confronted with the contradiction he is entitled to have his case judged by

whichever statement he finally says is true. *Black v. Philadelphia Rapid Transit Co.*, 239 Pa. 463, 86 Atl. 1066 (1913); *Cox v. Wilkes-Barre Ry.*, 340 Pa. 554, 17 A. 2d 367 (1941); *Stewart v. Ray*, 366 Pa. 134, 76 A. 2d 628 (1950). In determining whether or not appellant met her burden of showing the appellee's negligence we must assume that the door opened before the car came to a stop.

We deem it advisable to recite a few more facts before we pass on to the question of the appellee's possible negligence. Passengers were required to descend two steps to get off the car. There was a step below the step on which the appellant was standing and it was on the lower step that the door opened inward. Appellant testified that while standing on the upper step she made no voluntary motion. In explaining how the accident happened she said that she was not expecting the door to open because the car had not stopped and stated, "I probably went towards the door when it opened up. I probably went forward. I know my head went back." In order to hold that the appellee as a matter of law was not negligent we would have to say that the opening of a door by a carrier while the vehicle was in motion and the operator knew or should have known that a passenger, waiting for the vehicle to stop, was standing on the step above the step on which the door opened, is no evidence of negligence. We would have difficulty so holding if only the normal duty of care were owed by the appellee; but a common carrier for hire, although not an insurer, owes to its passengers the highest degree of care. *Connolly v. Philadelphia Transp. Co.*, 420 Pa. 280, 216 A. 2d 60 (1966). Opening the door before the vehicle had stopped, if believed, might justify a finding that the highest degree of care was not exercised toward a passenger standing on the step above that on which the

door opened. It was error to prevent a jury from passing on this question.[1]

The court below found that the appellant had placed herself in a position of peril and had made no effort to extricate herself. The court apparently felt she had assumed the risk. Appellee argues that appellant was contributorily negligent because she chose to stand on the step rather than remain on the floor level of the car. Since either voluntary assumption of risk or contributory negligence is a defense to a negligence action in Pennsylvania we will consider both. In order to assume the risk of a danger, absent an express agreement, there must be knowledge of the danger. Restatement 2d, Torts, §496 D (1965). There is nothing in appellant's testimony to show that she knew that there was any danger of being hit by the door if she stood on the first step below the platform. She had stood on the same step on prior occasions, apparently without any ill effect. Voluntary assumption of risk is not shown in the record before us. Contributory negligence is conduct on the part of the appellant which falls below the standard to which she should conform for her own protection. *Miller v. Erie,* 340 Pa. 177, 16 A. 2d 37 (1940). We are unable to find a clear revelation of lack of due care in the appellant's case. In addition to having stood on the first step before, she knew the doors opened on the step below, and she had no reason to anticipate that they would

---

[1] Appellant is also aided by the following rule: "Prima facie, where a passenger on a common carrier is injured, without fault of his own, by the carrier, its employees or anything connected with the appliances of transportation, a legal presumption of negligence is cast on the carrier which it must disprove." *Orms v. Traction Bus Co.,* 300 Pa. 474, 476, 150 Atl. 897 (1930). Such a presumption arises when a carrier fails to properly control the operation of a door of a vehicle. *Archer v. Pittsburgh Ry.,* 349 Pa. 547, 37 A. 2d 539 (1944). See *Pedretti v. Pittsburgh Ry.,* 417 Pa. 581, 209 A. 2d 289 (1965).

be negligently opened before the car stopped. It must be remembered that the burden of showing voluntary assumption of risk and contributory negligence was on the appellee, who offered no evidence at all. *Sarne v. Baltimore & O. R. R.*, 370 Pa. 82, 87 A. 2d 264 (1952). Under such circumstances the appellant's case must reveal negligence on her part so clearly that fair and reasonable persons cannot disagree as to its existence in order to find her contributorily negligent as a matter of law. *Payne v. Wheeler*, 207 Pa. Superior Ct. 25, 215 A. 2d 316 (1965). We are satisfied that the appellant's own testimony did not reveal assumption of risk or contributory negligence so as to bar her recovery as a matter of law.

Finally we turn to the question of proximate cause. In explaining how the accident happened appellant said that she was not expecting the door to open because the car had not stopped. She stated, "I was not expecting it. I probably went towards the door when it opened up. I probably went forward. I know my head went back." This was enough to send the case to the jury on proximate cause which is normally a question for the jury. *Landis v. Conestoga Transp. Co.*, 349 Pa. 97, 36 A. 2d 465 (1944). Proximate cause has been defined as "[t]hat which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Coyne v. Pittsburgh Ry.*, 393 Pa. 326, 334, 141 A. 2d 830, 835 (1958). If, in fact, the jury believed the appellant's testimony that the door opened unexpectedly it could reasonably infer that the sudden and startling act caused her to go forward into the prematurely opening doors.

Order reversed and a new trial granted.

WRIGHT and WATKINS, JJ., would affirm on the opinion of President Judge REIMEL.