## Townes v. PTC

*Melvin Brookman,* for plaintiff.
*Oscar S. Schermer,* for defendant.

KUBACKI, J., November 29, 1973.—Virginia Townes sued defendant to recover damages for injuries sustained by her as a result of the alleged negligence of defendant. The facts are not in dispute.

Plaintiff entered the bus of defendant at Broad and Columbia Avenue, Philadelphia, Pa. At that time there was nothing on the bottom step of the bus. The bus proceeded in a westerly direction on Columbia Avenue. When it reached Nineteenth Street, five blocks distant, a witness entered the bus. The witness testified at the trial that when he entered the bus there was wet newspaper on the bottom step of the bus. The bus proceeded 10 more blocks to Twenty-ninth Street. At that point, the witness and plaintiff alighted from the bus. The witness departed first without incident. Plaintiff followed, stepped on the wet newspaper, slipped, fell and was injured. The jury awarded damages to plaintiff in the sum of $2,000.

A presumption of negligence against a carrier arises from an accident to a passenger when it is caused through defective appliances or means of transporta-

tion and the burden is, therefore, cast upon the carrier to exculpate itself from an inference of negligence. In all other cases, the burden is on the passenger to prove negligence: Archer v. Pennsylvania Railroad Company, 166 Pa. Superior Ct. 538, 543. There was not a shred of evidence in this case to indicate that the operator of the bus did see or could see the wet newspaper on the bottom step of the bus from his driving position. The jury might have found that defendant was not chargeable with negligence.

More impressive, however, is the fact plaintiff took a chance on stepping on the wet newspaper. In Murray v. Philadelphia Rapid Transit Co., 292 Pa. 72, the court directed a verdict for defendant. The decision in that case turned on the contributory negligence of plaintiff while boarding the trolley car in that she either failed to look and see the plainly improper position of the step or that she saw its unsafe position and took the chance of using it. As a result, she was guilty of contributory negligence. The court held that, in either case, plaintiff was guilty of contributory negligence.

An apposite case is Acton v. Pennsylvania-Reading Seashore Lines, 138 Pa. Superior Ct. 605, wherein the appellate court reversed the lower court and directed judgment n.o.v. be entered for defendant. The testimony in that case was uncontradicted. Plaintiff in alighting from the train, observed the condition of the steps as she was bound to do in the exercise of ordinary care, and before committing herself to them, noted that one of the steps was slippery and worn. The appellate court further stated that being forewarned, she failed to use a handrail; she did not ask for assistance from her husband who preceded her down the steps; she did not attempt to use another exit; and in so conducting herself, she was guilty of contributory negligence.

As in the Acton case, we are of the opinion that plaintiff's testimony in the instant case, viewed in its most favorable light charges plaintiff with contributory negligence barring recovery.

Reversed and directed that judgment be entered for defendant n.o.v.