369 A.2d 743

**Rose McAVENUE, Appellant,**

v.

**BRYN MAWR HOSPITAL.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1976.

Decided Nov. 22, 1976.

508

S. Regan Ginsburg, Philadelphia, with him Leonard F. Markel, Jr., Norristown, for appellant.

Ralph L. Hose, Ardmore, for appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

[1]   This is an appeal from the denial of a new trial, following a jury verdict in favor of appellee hospital.[1] Appellant contends that the lower court committed reversible error in its charge to the jury.[2]   We affirm the order of the lower court.

---

1.   Although appellant is suing to recover for the negligence of the physical therapist, Mrs. MacPherson, she named only the Bryn Mawr Hospital as a defendant.

2.   Appellant also contends that the lower court erred in "holding" that she failed to establish that the proximate cause of the injury was the fall.   This contention is devoid of merit.   The case was submitted to the jury with proper instructions from the trial court on causation.   The jury decided this issue and returned a verdict for appellee.   The lower court did not hold as a matter of law, that appellant failed to establish proximate cause.

It is necessary to outline appellant's pre-existing condition in order to understand the accident in question. Appellant sustained a fracture of the left hip in May, 1965. A doctor performed an open reduction of the hip, which required the use of pins to unite the bones. In March, 1967, Dr. Hal E. Snedden performed corrective surgery on the fracture. Subsequently, in June of 1968, Dr. Snedden again operated on appellant's hip. In the second operation he removed the head of the femur because it had died and was fragmenting, causing severe pain to appellant. Appellant is an elderly woman whose activity is limited as a result of her disability, and whose bones have softened due to a lack of calcium. Thus, recovery was slow. By July of 1969, appellant was able to use a walker to move about. At that time, Dr. Snedden recommended that she begin physical therapy three times a week in order to learn to walk with a cane. The therapy consisted of abduction exercises and gait training [3] at the physical therapy room of the Bryn Mawr Hospital, Montgomery County.

Mrs. MacPherson, the chief physical therapist at Bryn Mawr Hospital, functioned as appellant's therapist. During the treatment, appellant walked through parallel bars, and practiced with a cane in gait therapy. By August 25, 1969, appellant could walk alone with the cane.

On August 25, 1969, appellant fell at the Bryn Mawr Hospital while in the therapy room. She fractured her left leg and arm. The testimony of appellant and appellee's agent on the events of that day is conflicting. Appellant arrived at Bryn Mawr Hospital for therapy. Mrs. MacPherson first instructed appellant to walk through the parallel bars several times. Appellant stat-

3. Abduction exercises are performed to increase muscular strength in the leg and hip. Gait training is the teaching of a particular gait or rhythm to a patient to enable him to use a cane. The person first walks through parallel bars; then he walks through the bars using a cane. Finally, he walks unaided with the cane.

ed that she then took several steps outside the parallel bars using her cane. Appellant also stated that at the time of the fall, Mrs. MacPherson was fifteen feet away, in the doorway of the room and was conversing with another person. Mrs. MacPherson testified that appellant only walked back and forth in the parallel bars prior to the fall, and that she was within four or five feet of appellant at the time of the fall.

Appellant called Dr. Snedden as a witness at trial as her treating physician. He testified on cross-examinaiton that in his opinion, the fracture of appellant's leg was a stress or spontaneous fracture. He stated that because of appellant's loss of calcium, her bone spontaneously fractured causing her to fall.

Appellant filed a complaint in trespass on April 15, 1970, alleging that Bryn Mawr Hospital through its agent, Mrs. MacPherson, negligently performed its duty to appellant. After a jury trial in May, 1975, a verdict was returned in favor of appellee. The court en banc of Montgomery County heard argument on appellant's motion for a new trial; it denied the motion. This appeal followed.

Appellant argues that the lower court erred in its instruction to the jury on the standard of care to be used in judging appellee's acts.[4] The objection to the charge is directed only at the following sentence: "There is no responsibility for error of judgment unless it is so gross as to be inconsistent with the duty, in this case of the physical therapist, to possess."

4. Although appellant objects to the standard used by the trial court, she introduced no testimony on the standard of care for a physical therapist who is performing gait training and abduction therapy. The average layman is not familiar with physical therapy or the specific functions of such a specialist. In order to judge the acts of a therapist, expert testimony is required to establish the appropriate standard of care. The failure to introduce such testimony could have resulted in a compulsory nonsuit. See *Baur v. Mesta Machine Co.*, 405 Pa. 617, 176 A.2d 684 (1961); *Donaldson v. Maffucci*, 397 Pa. 548, 156 A.2d 835 (1959); *Hodgson v. Bigelow*, 335 Pa. 497, 7 A.2d 338 (1939).

The trial court in the instant case carefully reviewed the facts and the legal principles involved. In the charge it stated, *inter alia*, " . . . you have heard counsel say, have used the word negligence time and time again. What is Negligence? Negligence is the want of due care under the circumstances. Now, there is no fixed rule or duty applicable in all cases which can be established. The course of conduct which is justly regarded as resulting from the exercise of ordinary care under some circumstances would exhibit the grossest negligence under other circumstances. The opportunity for deliberation and action, the degree of danger, and many other considerations of a like nature affect the standard of care which may be reasonably required in a particular case. The general test of liability is whether the injury could be foreseen by an ordinary intelligent man as the natural and probable outcome of the act complained of. . . . Negligence is the want of due care under the circumstances. The sole test of negligence is whether the conduct of the person under scrutiny conforms to the standard of a reasonably prudent person. . . . In testing the conduct of Mrs. MacPherson, the licensed physical therapist in this case, you must resolve the question of whether she acted as a reasonably prudent person would have acted under the circumstances. If she did then she is not negligent, and her superior the hospital would not be negligent. If she did not act as a reasonably prudent person then she was negligent, and in making this determination you must decide whether Mrs. MacPherson, the physical therapist, employed such *reasonable skill and diligence as is ordinarily exercised in the general locality by those engaged as physical therapists* giving due regard to the advanced state of the profession at the time of the treatment in August, 1969."

In the instant case, the objectionable sentence was made in the following context: "Where a physician or a hospital exercises ordinary care and skill, that hospital is

not liable for the result of the mere mistake of judgment. There is no responsibility for error of judgment unless it is so gross as to be inconsistent with the degree of skill which it is the duty, in this case of the physical therapist, to possess." [5]

Initially, we note that on appeal, in evaluating a trial court's charge to the jury, it is our duty to read the instructions in their entirety in order to determine whether there was any prejudicial error. *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972); *Little v. Jarvis*, 219 Pa.Super. 156, 280 A.2d 617 (1971). Further, "[i]n determining whether a court's instructions to the jury are erroneous we must consider that charge as a whole, and if it is not misleading, we will not reverse, even though there be some inaccuracies or misstatements. Error cannot be predicated upon isolated excerpts if, when read with the remainder of the charge, a true and correct charge is revealed." *Sherman v. Manufacturers Light and Heat Co.*, 389 Pa. 61, 67, 132 A.2d 255, 259 (1957); see also *Black v. A. E. Troutman*, 385 Pa. 138, 122 A.2d 201 (1956).

The sentence to which appellant objects does not establish gross negligence as the standard of care for the therapist. It states that when a therapist is exercising ordinary care and skill, he will not be held liable for a mere mistake in judgment. The trial court did not elaborate on the word gross or in any other way mislead the jury. In reading the charge as a whole, it is clear that the trial judge carefully articulated the appropriate standard of care in the instant case. Appellant has, unfortunately, focused on an isolated portion of the charge and ignored the effect and language in its entirety. In considering

5. This portion of the charge is a direct quotation from *Hodgson v. Bigelow*, 335 Pa. 497, 7 A.2d 338 (1939).

514

all of the statements by the trial court relating to appellee's standard of care, we must hold that the charge, as a whole, was certainly not prejudiciously erroneous.

Judgment affirmed.

WATKINS, President Judge, absent.