456 A.2d 1013

**Ruth A. CARRENDER and Walter A. Carrender, her husband**

v.

**Paul FITTERER and Linda Fitterer, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued May 11, 1982.

Filed Feb. 11, 1983.

Petition for Allowance of Appeal Denied June 3, 1983.

434

James W. Evans, Harrisburg, for appellants.

Herbert A. Schaffner, Harrisburg, for appellees.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

Appellee, Ruth Carrender, was injured when she slipped and fell on à patch of ice in appellants' parking lot. She and her husband, Walter, filed an action in trespass alleging that appellants' negligence in failing to clear their parking lot of ice was a substantial factor in causing her injuries. After a trial, a jury returned a verdict in appellees' favor awarding Ruth Carrender $70,000.00, and her husband $2,500.00 for loss of consortium. The jury found that Ruth Carrender was thirty-five percent contributorily negligent, however, and the verdicts were molded to $45,000.00 and $1,626.00 in accordance with the provisions of the Comparative Negligence Act.[1]

1. Act of April 28, 1978, P.L. 202, No. 53, § 10(89), as amended, Act of October 5, 1980, P.L. 693, No. 142, § 222(a), 42 Pa.C.S.A. § 7102(a) provides:

   **Comparative negligence**

   (a) **General rule**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative

■   Appellants contend that the lower court erred in denying their motion for a judgment n.o.v.  We disagree and therefore affirm.  Initially, we note that in considering a motion for a judgment n.o.v., the evidence, together with all reasonable inferences that may be drawn therefrom, must be considered in the light most favorable to the verdict winner.  *Dawejko v. Jorgensen Steel Co.*, 290 Pa. Super. 15, 434 A.2d 106 (1981); *Fahringer v. Rinehimer*, 283 Pa.Super. 93, 423 A.2d 731 (1980).  Viewing the evidence in accordance with this standard, the facts are as follows:

At the time of the accident, Ruth Carrender was a patient and business invitee of appellants Paul and Linda Fitterer, who owned the Fitterer Chiropractic Clinic.  She was also an amputee and wore a prosthesis consisting of an artificial lower leg.  On January 16, 1979, she drove from her home to the Fitterer Clinic and parked beside another vehicle in a lot provided for clinic patients.  The area between these two cars was covered with a sheet of ice, but the rest of the parking lot surface was clear.

Mrs. Carrender got out of her car and entered the clinic, some thirty-six feet away, without incident.  After receiving treatment in the clinic, she retraced her steps to her car. As she walked toward the front of her vehicle, she held onto the car on her left to steady herself.  When she reached the door of her car, she opened her pocketbook to get her keys. At this point, she slipped on the ice and sustained a fracture of the left hip.

■   The appellants' first contention is that the lower court erred in refusing to charge the jury on the defense of assumption of the risk.  While the court below did charge the jury on contributory negligence, appellants aver that an additional instruction on assumption of risk was necessary because Ruth Carrender assumed the risk of injury when

where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

she stepped on the ice, knowing that it presented a danger to her. It is axiomatic that in reviewing the adequacy of a jury charge, we must examine the instructions in their entirety to determine if prejudicial error was committed. *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972). The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury is able to comprehend the questions they are to decide. *Crotty v. Reading Industries, Inc.*, 237 Pa.Super. 1, 345 A.2d 259 (1975). We find that the jury instructions were adequate in the instant case, because the evidence did not show that Ruth Carrender assumed the risk.[2]

The distinction between conduct that shows consent to assume a risk and conduct amounting to contributory negligence is not always an easy one to make. Contributory negligence is commonly defined as "conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's harm." *Thompson v. Goldman*, 382 Pa. 277, 280, 114 A.2d 160 (1955); *Restatement (Second) of Torts* § 463 (1965).

The *Restatement*, however, discusses four different definitions that courts have assigned to assumption of risk. In its simplest form, assumption of risk has been held to mean that a plaintiff has given his express consent to relieve a defendant of an obligation to exercise care for his protection. A second and closely related meaning is that the plaintiff has voluntarily entered into a relationship with a defendant which he knows to involve risk, from which his consent to assume the risk may be implied.[3] In a third type

2. Due to our finding that assumption of risk was not involved in the instant case, we need not determine the significance that proof of that defense would have in an action governed by the Comparative Negligence Act.

3. A plaintiff would be held to have assumed the risk under this definition where he attended a baseball game, knowing that the ball park management did not provide screened-in bleachers to protect

of situation, the plaintiff, aware of the risk created by the negligence of the defendant, voluntarily proceeds or continues to encounter it.[4] To be distinguished from these three situations is the fourth, in which a plaintiff's conduct in voluntarily encountering a known risk is unreasonable. *Restatement (Second) of Torts*, § 496A, Comment c, 1–4 (1965).

■ It is evident that the fourth definition of assumption of risk is synonymous with the definition of contributory negligence previously given, in that under both interpretations, a plaintiff is held responsible for the consequences of his actions because his behavior was unreasonable under the circumstances. Where a plaintiff has acted unreasonably in encountering a risk of which he is aware, or should be aware, however, he is not considered to have assumed that risk under Pennsylvania law. Instead, his behavior is deemed to have been contributorily negligent. *See, Joyce v. Quinn*, 204 Pa.Super. 580, 205 A.2d 611 (1964).[5] *See also, McIntyre v. Cusick*, 247 Pa.Super. 354, 359, 372 A.2d 864 (1977). In cases involving this course of conduct on the part of a plaintiff, the determination of his right to recover damages has always been resolved by determining whether

him from fly balls. *See, e.g., Schentzel v. Philadelphia National League Club,* 173 Pa.Super. 179, 96 A.2d 181 (1953).

4. A plaintiff would be considered to have assumed the risk where he used a product, knowing it was defective, and was aware of the potential harm he could suffer as a result of the defect. *See, e.g., Phillips v. Allen,* 427 F.Supp. 876 (W.D.Pa.1977); *Ferraro v. Ford Motor Co.,* 423 Pa. 324, 223 A.2d 746 (1966).

5. In *Pritchard v. Liggett & Myers Tobacco Co.,* 350 F.2d 479 (3d Cir.1965), the Court of Appeals for the Third Circuit, interpreting Pennsylvania law, divided assumption of risk into two categories: Assumption of risk in its primary and strict sense involves voluntary exposure to an obvious or known danger which negates liability. Under this concept, recovery is barred because the plaintiff is assumed to have relieved the defendant of any duty to protect him... Assumption of risk in its secondary sense is ordinarily synonymous with contributory negligence and involves a failure to exercise reasonable care for one's own safety. Under this concept, recovery is barred because of plaintiff's departure from the standard of reasonable conduct....

*Id.* at 484 (citations omitted). *See also,* 35 A.L.R.3d 230, 268 (1971).

he was contributorily negligent, and not whether he assumed the risk. *See, Atkins v. Urban Redevelopment Authority,* 263 Pa.Super. 37, 396 A.2d 1364, *affirmed,* 489 Pa. 344, 414 A.2d 100 (1980) (plaintiff failed to examine staircase before walking on it); *Knapp v. Bradford,* 432 Pa. 172, 247 A.2d 575 (1968) (plaintiff failed to examine curb before stepping on it); *Kubacki v. Citizen's Water Co.,* 403 Pa. 472, 170 A.2d 349 (1961) (plaintiff walked on icy parking lot); *Sheridan v. Horn & Hardart,* 366 Pa. 485, 77 A.2d 362 (1951) (plaintiff walked on freshly-mopped floor); *Weitz v. Baurkot,* 267 Pa.Super. 471, 406 A.2d 1138 (1979) (plaintiff fell in hole despite awareness of its presence); *McMillan v. Mount Laurel Racing,* 240 Pa.Super. 248, 367 A.2d 1106 (1976) (plaintiff walked on trash-strewn floor); *Downs v. Cammarano,* 207 Pa.Super. 478, 218 A.2d 604 (1966) (plaintiff walked on icy steps).

■ Thus, under the facts of the instant case, it is clear that a jury instruction on assumption of risk would have been both unnecessary and improper. The only issue for the jury in regard to Ruth Carrender's conduct was whether she acted reasonably in walking on the ice in light of her knowledge that this action posed a potential danger to her. Therefore, the lower court did not err when it refused to charge the jury on assumption of risk.

■ The appellants' second contention is that the lower court erred in refusing to charge the jury on the Hills and Ridges Doctrine. We disagree. The essence of the Hills and Ridges Doctrine is that no liability is created by a general slippery condition on sidewalks. In order to recover for injuries sustained in a fall on the ice, a plaintiff must prove that there were dangerous conditions due to ridges or elevations which were created by a defendant's antecedent negligence, or which were allowed to remain for an unreasonable length of time. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966). It is clear that the Hills and Ridges Doctrine had no application in the instant case. The evidence presented at the trial established that Ruth Carrender slipped on an isolated patch of

ice and that no general slippery condition was evident on the day of the accident. Therefore, the lower court did not commit error by refusing to charge the jury on the Hills and Ridges Doctrine. *Tonic v. Apex Garages, Inc.*, 442 Pa. 373, 275 A.2d 296 (1971); *Bacsick v. Barnes*, 234 Pa.Super. 616, 341 A.2d 157 (1975).

■ Appellants' final contention is that they were prejudiced by the lower court's refusal to accept points three and four, which they submitted for charge on the duty owed to a business invitee. We disagree. It is axiomatic that in reviewing the adequacy of a jury charge, the charge must be considered in its entirety. The primary function of a charge is to clarify the issues so that the jury may comprehend the questions they are to decide. *Crotty*, supra. Moreover, this court will not reverse on the basis that a portion of a jury charge was misleading if, taken in its entirety, the charge correctly stated the applicable law. *McAvenue v. Bryn Mawr Hospital*, 245 Pa.Super. 507, 369 A.2d 743 (1976).

■ Reviewing the entire charge in the instant case, we find that the lower court fully instructed the jury on the legal doctrines contained in appellants' point number three, which was taken from the *Restatement (Second) of Torts* § 343A (1965). In addition, the lower court adequately covered proposed point number four when it instructed the jury:[6]

> [T]he defendant says, you, Ruth Carrender, were negligent yourself in the way you handled yourself that day. You should not have parked next to the ice or if you did

---

6. The appellants' proposed charge number four, taken from *Restatement (Second) of Torts*, § 343A(1), comment b (1965), consisted of the following:

> The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence and judgment.

park there and didn't see it, if you found the ice was there, if you did park next to it and saw and knowing your own physical situation, you should not have ventured across.

It is clear from a reading of the entire charge in the instant case that the jury was fully informed on all aspects of the legal duties of the parties, and that the legal premises set forth in appellants' proposed points for charge were adequately covered. Therefore, the lower court's failure to read points three and four to the jury did not prejudice the appellants.

Judgment affirmed.